In the Matter of SHAKKIM ALLAH, Petitioner, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents.

Third Department, December 10, 1987

APPEARANCES OF COUNSEL

*Joan Simon Faulkner* and *David C. Leven* for petitioner.

*Robert Abrams, Attorney-General (Peter G. Crary* and *William J. Kogan* of counsel), for respondents.

## OPINION OF THE COURT

YESAWICH, JR., J.

Four misbehavior reports were served on petitioner for incidents that occurred on July 8, 1986 at Clinton Correctional Facility. Two of those reports are at issue: one charges petitioner with, among other things, assaulting Correction Officer Robert Ayotte (report No. 1), and the other with petitioner's stabbing of another inmate with a homemade shiv (report No. 2). At a timely held Superintendent's hearing, petitioner pleaded not guilty to the charged violations and requested that nine exculpatory witnesses be interviewed to establish his defense. One of those witnesses refused to testify and no reason for his refusal to do so appears in the record. Petitioner also requested that photographs taken of Ayotte shortly after he was purportedly assaulted by petitioner be introduced into evidence. This request was denied despite petitioner's representation that they would show that Ayotte suffered no visible injuries. The Hearing Officer found petitioner guilty of two separate instances of assault, fighting, possession of a weapon, refusal to obey a direct order and destruction of property. Those findings were confirmed by respondent Commissioner of Correctional Services.

Petitioner seeks annulment of the Commissioner's determination, the deletion of all references to the underlying charges from petitioner's institutional and departmental files, and restoration of his good time. Three grounds for annulment are advanced: the finding of guilt with respect to the charges contained in report No. 2 was not supported by substantial evidence; the Hearing Officer's written statements were inadequate for administrative and judicial review; and the Hearing Officer's failure to ascertain why one of petitioner's witnesses refused to testify and the exclusion of photographs taken of Ayotte after the alleged assault constituted reversible error. Since *People ex rel. Vega v Smith* (66 NY2d 130) and *Matter of Baker v Wilmot* (65 AD2d 884, *mot to dismiss appeal granted* 46 NY2d 939) effectively dispose of petitioner's first two arguments, only the third merits discussion.

Respondents concede that the rulings cited by petitioner were indeed procedurally incorrect, but maintain that the

appropriate remedy is not expungement but a remittal for further proceedings. A remittal is fitting when there has been a curable breach of a regulatory requirement *(see, e.g., Matter of Coleman v Coombe,* 65 NY2d 777). On the other hand, violations of constitutional rights necessitate expunging the tainted proceedings *(see, e.g., Jacobson v Coughlin,* 523 F Supp 1247, 1255 [ND NY]); equity may also dictate expungement of the charges rather than a remittal *(see, e.g., Matter of Vogelsang v Coombe,* 105 AD2d 913, *affd* 66 NY2d 835).

In the circumstances of this case, the Hearing Officer's failure to determine why petitioner's ninth witness declined to testify was not an error of constitutional dimension *(see, Matter of Barnes v LeFevre,* 69 NY2d 649, 650), nor was the failure to honor petitioner's regulatory right to present evidence an infringement of petitioner's constitutional protections. The remedy chosen must therefore be based on equitable considerations.

In this respect we note that petitioner's penalty included 30 months' confinement in the special housing unit and that petitioner has already been held there for approximately 16 months; this militates in favor of expungement *(see, Matter of Cunningham v LeFevre,* 130 AD2d 809, 810; *Matter of Vogelsang v Coombe, supra).* However, to be balanced against the extent of the penalty already served is the exceedingly serious nature of the charged offenses, essentially two assaults, one with a weapon.

Also not without significance is whether petitioner can be afforded a meaningful rehearing. As to that, it is noteworthy that over 16 months have passed since the incident, the recalcitrant witness and the purported victim of the shiv attack have been released from prison, and it is not at all clear that the recalcitrant witness would willingly testify now. Respondents suggest that simply adding the requested photographs to the original hearing transcript and attempting to examine the recalcitrant witness by phone would cure the procedural defects. We are unconvinced that such a decision would encourage respondents' compliance with Department of Correctional Services regulations.

KANE, J. P., MAIN, MIKOLL and HARVEY, JJ., concur.

Determination annulled, without costs, petition granted, and respondents are directed to expunge all references to the proceeding from petitioner's departmental and institutional files and to restore the good behavior allowance lost.