In the Matter of DAVID WONG, Appellant, v THOMAS A. COUGHLIN, as Commissioner of the Department of Correctional Services, et al., Respondents.

Third Department, June 2, 1988

APPEARANCES OF COUNSEL

*David Wong,* appellant *pro se.*

*Robert Abrams, Attorney-General (Daniel Smirlock* and *William J. Kogan* of counsel), for respondents.

## OPINION OF THE COURT

CASEY, J.

Based upon a misbehavior report and after a hearing, petitioner, an inmate at Clinton Correctional Facility in Clinton County, was found guilty of violating a prison disciplinary rule arising out of his refusal to obey an order directing him to leave a facility van which had transported him to the Plattsburgh substation of the State Police. Petitioner raises a number of objections not involving the sufficiency of the evidence, only one of which merits our discussion. The only witness at the hearing was the officer in charge of the detail which transported petitioner and five other inmates to the State Police substation. The officer testified that petitioner refused to leave the van and that two correction officers then removed him. At the hearing, petitioner asked no questions of this officer, but requested that the officer who prepared the misbehavior report be called as a witness. The request was denied on the ground that the officer in charge of the detail, who observed the incident in its entirety, had already testified.

During the course of an inmate disciplinary hearing, the inmate has the right to "call witnesses on his behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals" (7 NYCRR 254.5 [a]). There can be little doubt that the testimony of the officer who prepared the misbehavior report would have been material, and there is no suggestion that institutional safety or correctional goals would have been at risk had he testified. The Hearing Officer apparently felt that the testimony of the requested witness would have been redundant, since the officer in charge of the detail, who had witnessed the incident, had testified.

In light of the Court of Appeals holding in *Matter of Barnes v LeFevre* (69 NY2d 649), we conclude that respondents have impermissibly denied petitioner his right to call a witness in violation of their own regulations. As we read the *Barnes* decision, respondents must have "a sufficient basis upon which an inmate's conditional right to call witnesses can be summarily denied" *(supra,* at 650). The court held that a hearsay

report that a witness called by the petitioner had refused to testify, unaccompanied by any reason from the witness for his refusal, does not fulfill this requirement *(supra,* at 650). What is required is some "meaningful effort" by respondents *(Matter of Silva v Scully,* 138 AD2d 717). The Hearing Officer's assumption in this case, based only on conjecture or surmise, that the testimony of the requested witness would be duplicative or cumulative of other testimony is not a sufficient basis for the summary denial of petitioner's request *(see, Matter of Fox v Dalsheim,* 112 AD2d 368), particularly where, as here, only one other witness has testified and the requested witness is the officer who filed the misbehavior report that serves as the basis for the disciplinary proceeding. In *Matter of Perez v Wilmot* (67 NY2d 615, 617), the Court of Appeals stated: "The hearing officer has no duty to cross-examine anyone, including the reporting officer * * * If petitioner wished to cross-examine the charging officer, *he had the right to call the officer as a witness"* (emphasis supplied). This right would be a hollow one if the Hearing Officer could refuse petitioner's request merely because one other witness had testified as to the events giving rise to the misbehavior report. The appropriate remedy in this case is expungement, rather than a remittal for further proceedings *(see, Matter of Allah v LeFevre,* 132 AD2d 293, 295).

KANE, J. P., MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Judgment reversed, on the law, without costs, determination annulled, petition granted and respondents are directed to expunge all references to the proceeding from petitioner's departmental and institutional files and to restore the good behavior allowance lost.