■ In the Matter of STEVEN CURRY, Appellant, v WALTER J. KELLY, as Superintendent of Attica Correctional Facility, Respondent.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: Petitioner appeals from a judgment which, instead of annulling a prison disciplinary determination because of the Hearing Officer's failure to hear the testimony of petitioner's witness, remitted the matter to the Hearing Officer to take such testimony. In these circumstances, equity dictates that expungement of the record, rather than remittitur, is the proper remedy *(see, Matter of Allah v LeFevre,* 132 AD2d 293, 295; *Matter of Cunningham v LeFevre,* 130 AD2d 809, 810; *Matter of Vogelsang v Coombe,* 105 AD2d 913, *affd* 66 NY2d 835; *see also, Matter of Barnes v LeFevre,* 69 NY2d 649, 650). The breach of petitioner's rights was egregious and the charges against him relatively minor, resulting in a total of 30 days' confinement to cell but no loss of good time. Because petitioner has served his punishment, there is no point in remitting the matter. Finally, the lapse of over 2½ years since the hearing makes it unlikely that the witness, if still incarcerated, could testify meaningfully about this minor incident. (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—art 78.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.