■ In the Matter of JESUS ROSARIO, Petitioner, v DONALD SELSKY, as Director of Inmate Disciplinary Programs of the New York State Department of Correctional Services, Respondent.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Ulster County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner is an inmate at Great Meadow Correctional Facility in Washington County. Based on confidential information, he was charged with assaulting an inmate. At his hearing, petitioner was advised that there was a confidential informant whom he could not question. Correction officers testified at the hearing and indicated that the confidential informant had been reliable in the past. The Hearing Officer questioned the confidential informant, who identified petitioner from a photo array as the assailant. The Hearing Officer found petitioner guilty based on the misbehavior report and "confidential information which was supplied to [Sergeant Anthony] Stevens from a source that proved reliable in the past". Following affirmance on administrative appeal, petitioner commenced this CPLR article 78 proceeding, which has been transferred to this court.

Petitioner argues that a variety of procedural defects deprived him of due process. Taking the Hearing Officer's determination literally, it appears that the Hearing Officer relied solely on the confidential informant's information as supplied to Stevens. If this is so, the determination cannot stand because the Hearing Officer's assessment of the confidential informant's reliability relates solely to Stevens' testimony that the confidential informant had been reliable in the past. We have indicated the problems with this kind of third-party credibility assessment in the past *(see, e.g., Matter of Kalonji v Coughlin,* 157 AD2d 941, 942-943; *Matter of Nelson v Coughlin,* 148 AD2d 779, 780). From this perspective, annulment is warranted.

Reading the Hearing Officer's determination more expansively so as to include the Hearing Officer's examination of the confidential informant, we still find annulment appropriate. Although a prisoner's due process rights are minimal *(see, Matter of Laureano v Kuhlmann,* 75 NY2d 141, 146), they include an opportunity to prepare a defense *(see, Wolff v McDonnell,* 418 US 539, 564). Clearly, any suggestiveness in the photo array is a matter that petitioner could have used in his defense without infringing upon the confidentiality of the informant or the security of the institution. The failure to advise petitioner about the photo array thus prevented him from preparing a defense *(cf., Matter of Hodges v Scully,* 141 AD2d 729, 730). This deprivation of petitioner's due process rights requires annulment *(see, Matter of Torres v Coughlin,* 166 AD2d 793; *Matter of Rosario v Selsky,* 162 AD2d 939). The cases cited by respondent to show that confidential informants can use photo arrays without disclosure to a petitioner in prison disciplinary proceedings did not involve direct challenges to the procedure utilized, as contrasted to petitioner's contention here. This determination makes it unnecessary to reach the other issues raised.

Determination annulled, with costs, petition granted and respondent is directed to expunge all references to this proceeding from petitioner's files. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.