In the Matter of ANGEL SANTIAGO, Petitioner, v ROBERT HOKE, as Superintendent of Eastern New York Correctional Facility, et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

In May 1990, petitioner, then an inmate at Eastern Correctional Facility in Ulster County, was served with a misbehavior report charging him with rioting, assault and weapons possession. The report alleged that petitioner had assaulted another inmate with a weapon during a May 12, 1990 incident in the facility yard and that "two independent sources" had identified petitioner as the assailant.

At the ensuing Superintendent's hearing, petitioner denied any involvement in the incident, claiming that he could not have been in the yard at 7:45 P.M., the time of the incident, because he spent the evening in the law library and did not leave there until 10:50 P.M. In support of this alibi defense, petitioner presented the law library call-out sheet for the 7:00 P.M. to 9:00 P.M. session, on which his name was listed, and called as a witness the correction officer on duty during the relevant time period, who confirmed only that seven inmates signed into the library and seven inmates were present in the library. Petitioner also called as witnesses two fellow inmates who worked in the library, both of whom testified that petitioner arrived there at 6:30 P.M. and one of whom stated that

petitioner remained there until at least 9:30 P.M. The victim of the assault testified that he was able to identify his assailant, but that petitioner was not that individual. Finally, Correction Sergeant T. Miller, who prepared the misbehavior report, testified that during his investigation of the incident he learned through two confidential sources that petitioner was involved in the assault.

In addition to the foregoing, the Hearing Officer conducted a recorded confidential interview with Miller in which Miller identified the confidential informants and described the substance of their accounts of the incident. The Hearing Officer also considered the confidential transcript of a recorded interview conducted by Miller of one of the informants.

At the conclusion of the hearing, the Hearing Officer found petitioner guilty of the charges and imposed a penalty. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding which was subsequently transferred to this court.

Petitioner's first contention in this proceeding is that the determination is unsupported by substantial evidence because the Hearing Officer relied upon information from individuals who did not testify at the hearing and were not personally interviewed by him. We disagree. Respondents have submitted for our in camera review the confidential transcripts of the Hearing Officer's interview with Miller and Miller's interview with one of the informants, and it is our view that the information set forth in those interviews was sufficiently detailed and specific to enable the Hearing Officer to make his own independent assessment of the confidential informants' credibility (see, Matter of Machado v Leonardo, 180 AD2d 936, 937; Matter of Harris v Coughlin, 116 AD2d 896, 897, lv denied 67 NY2d 610, 1047; cf., Matter of Wynter v Jones, 135 AD2d 1032, 1033). The informants, both of whom were eyewitnesses to the incident, were interviewed independently and gave detailed and corroborative accounts of the incident and petitioner's involvement therein. Both informants identified petitioner by name and the informant whose interview was recorded selected petitioner from a photo array, gave the names of other inmates involved in the incident and described the weapons used. According to Miller, that informant's detailed account of the circumstances of the assault was consistent with Miller's own observation of the victim's injuries. Presented with the confidential information and the hearing testimony, including that of the victim, the Hearing Officer resolved the credibility issue in favor of the confidential

information *(see, Matter of Foster v Coughlin,* 76 NY2d 964, 966). Under these circumstances, we conclude that there was substantial evidence to support the determination *(see, supra).* In reaching this conclusion, we note that we have not considered either the exhibit or the affidavits which were not made part of the administrative record.

Petitioner next argues that the Hearing Officer improperly denied him the right to call inmate Roldos as a witness at the hearing. This claim is unavailing. On the record before us, it appears that petitioner's sole request for Roldos as a witness was made on an employee assistance form and that request was refused by the Hearing Officer on the ground that Roldos' testimony would be redundant to that of the other two inmates called as alibi witnesses. Petitioner's present contention that Roldos was the only person in the library on May 12, 1990 who could testify conclusively to his presence there at the time of the incident is belied by the testimony of one of the other two alibi witnesses, who unequivocally stated that petitioner was in the library between 6:30 P.M. and 9:30 P.M. Hence, we find a sufficient basis for the Hearing Officer's denial *(see,* 7 NYCRR 254.5 [a]; *Matter of Irby v Kelly,* 161 AD2d 860, 861).

We reject petitioner's contention that he was denied adequate employee assistance because his appointed assistant failed to interview his requested witnesses and to provide him with certain documentary evidence. In order to successfully establish inadequate assistance, it must be shown that some prejudice resulted to petitioner *(see, Matter of Serrano v Coughlin,* 152 AD2d 790, 792). Here, the record demonstrates that petitioner actually received the documentary evidence requested and that, with the exception of Roldos, all of the witnesses requested by petitioner on his assistance form in fact testified at the hearing *(see, Matter of Bryant v Mann,* 160 AD2d 1086, 1088, *lv denied* 76 NY2d 706). Further, petitioner was permitted to request additional witnesses at the hearing, who did testify in his defense. Thus, we cannot conclude that any of the alleged inadequacies in the assistance provided to petitioner require annulment *(see, Matter of Irby v Kelly, supra; Matter of Law v Racette,* 120 AD2d 846, 848).

The final issue to be addressed is whether annulment is required because of the failure to advise petitioner of the use of the photo array identification of him as the perpetrator, so as to have afforded him an opportunity to challenge its suggestiveness by way of defense (citing *Matter of Rosario v Selsky,* 169 AD2d 955, 956). Petitioner's raising of this objec-

tion for the first time in his reply brief was timely, because the use of the photo array identification was disclosed for the first time in respondents' answering brief. We find the objection unavailing in the instant case. A review of the transcript of the interview of the witness who identified petitioner in the photo array clearly shows that the use of the array identification was purely confirmatory in nature and that the actual identification was based upon the witness's prior acquaintanceship with petitioner. Thus, the absence of an opportunity to challenge the fairness of the photo array will not affect the determination *(see, People v Fletcher,* 178 AD2d 776; *People v Veale,* 169 AD2d 939, 941, *affd* 78 NY2d 1022).

Weiss, P. J., Mikoll, Crew III and Mahoney, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.