■ In the Matter of STEVEN GONZALEZ, Petitioner, v LOUIS F. MANN, as Superintendent of Shawangunk Correctional Facility, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

We find merit in the contention that the Hearing Officer erred in denying petitioner's request to call medical personnel who had treated the inmate allegedly assaulted by petitioner so that petitioner could elicit testimony as to the possibility that the injuries sustained were accidental. Given the failure of the only medical professional to testify at the hearing to conclusively rule out accidental injury, such testimony was clearly relevant. The testimony was also not excludible on the basis of redundancy *(see, Matter of Fox v Dalsheim,* 112 AD2d 368). The Hearing Officer further erred in failing to make a meaningful effort to ascertain why one inmate witness refused to testify *(see, Matter of Barnes v LeFevre,* 69 NY2d 649; *Matter of Codrington v Mann,* 174 AD2d 868; *Matter of Wong v Coughlin,* 137 AD2d 272).

The denial of petitioner's right to call witnesses requires expungement of the proceeding from petitioner's files *(see, Matter of Torres v Coughlin,* 166 AD2d 793). In view of our determination that expungement is required, we need not consider petitioner's other contentions although we note in passing that there was a lack of substantial evidence of petitioner's guilt.

Levine, J. P., Mercure, Mahoney, Casey and Harvey, JJ., concur. Adjudged that the determination is annulled, with costs, petition granted and respondents are directed to expunge all references to this proceeding from petitioner's files.