■ In the Matter of TYRONE HOLLEY, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination by respondent which found petitioner guilty of violating certain prison disciplinary rules.

In this proceeding, petitioner contends that the determination finding him guilty of extortion and threats to other inmates is not supported by substantial evidence due to the failure of the Hearing Officer to make his own assessment of the confidential informant's credibility. The Hearing Officer interviewed the correction officer who had spoken with the confidential informant and listened to a tape recording of the correction officer's interview of the informant. We find, based upon our in camera review of the confidential transcripts of the interview and the tape recording, that the information set forth in the transcripts was sufficiently detailed and specific to enable the Hearing Officer to make his own independent assessment of the confidential informant's credibility *(see, Matter of Santiago v Hoke,* 183 AD2d 978; *cf., Matter of Wynter v Jones,* 135 AD2d 1032, 1033). The informant identified petitioner, his accomplices and some of his victims by name and described the method of extortion. This information was corroborated in part by the testimony of both a correction officer and petitioner that he had attempted to have another inmate fill out a disbursement form to have funds forwarded

to an address given to the inmate by petitioner. It was within the Hearing Officer's discretion to reject petitioner's innocent explanation of that fact and resolve the credibility issue in favor of the confidential information *(see, Matter of Foster v Coughlin,* 76 NY2d 964, 966). Under these circumstances, we find that substantial evidence supports the determination *(see, supra; Matter of Santiago v Hoke, supra).*

While, as petitioner points out, the Hearing Officer made some ill-advised references to the correction officer's assessment of the informant's reliability *(see, Matter of Nelson v Coughlin,* 148 AD2d 779), we find that a reading of the Hearing Officer's complete remarks and the transcript of his interview of the correction officer indicates that he personally assessed the informant's reliability and credibility in questioning the correction officer as to corroborative evidence and whether the informant came forth voluntarily.

Mikoll, J. P., Levine, Mercure, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.