■ In the Matter of NACHE AFRIKA, Appellant, v DONALD SELSKY, as Director of Special Housing/Inmate Disciplinary Program, et al., Respondents. [605 NYS2d 101] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, Donald Selsky, Director of the Special Housing/ Inmate Disciplinary Program, dated July 24, 1990, which affirmed a determination, after a hearing, finding the petitioner guilty of assault and fighting and imposing a sanction, the petitioner appeals from (1) a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated January 10, 1991, which dismissed the proceeding, and (2) so much of an order of the same court, dated January 31, 1991, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the judgment dated January 10, 1991, is dismissed, without costs or disbursements, as that judgment was superseded by the order dated January 31, 1991, made upon reargument; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the judgment is vacated, the petition is granted, the determination is annulled, the petitioner's record is expunged, and his good behavior allowance lost as a result of the determination under review is restored.

The petitioner was found guilty of charges of assault and fighting following a superintendent's hearing in May 1990. Although the petitioner contended in this proceeding that the determination should be annulled for several procedural and substantive reasons, we conclude that the only meritorious issue raised in the petition is his contention that he was impermissibly denied his right pursuant to 7 NYCRR 254.5 (a) to call certain witnesses at the hearing.

The record contains a witness refusal form which indicated that the inmate who was allegedly assaulted by the petitioner refused to testify at the hearing or to provide a reason for his refusal, and did not sign the form. Two correction officers indicated on the form that they had spoken to the inmate, and he refused to give a reason for his refusal. We conclude that the Hearing Officer failed to make the required meaningful effort to obtain the requested testimony, since he did not personally question the inmate regarding his refusal to testify, nor did he question the correction officers who signed the form *(see, Matter of Barnes v LeFevre,* 69 NY2d 649; *Matter of Williams v Coughlin,* 145 AD2d 771; *Matter of Silva v Scully,* 138 AD2d 717; *cf., Matter of Maier v Mann,* 187 AD2d 850). The petitioner did not acquiesce in this procedure, as he contended at the hearing that the Hearing Officer was required to interview the inmate personally *(cf., Matter of Dotson v Coughlin,* 191 AD2d 912).

In addition, the Hearing Officer improperly curtailed the testimony of an inmate witness on the ground that the questions asked by the petitioner were irrelevant to the charges and improperly denied the petitioner's request to call as a witness another inmate who allegedly saw the incident. Contrary to the Hearing Officer's determination, the testimony in question was not irrelevant or redundant *(see, e.g., Matter of Coleman v Coombe,* 65 NY2d 777; *Matter of Gonzalez v Mann,* 186 AD2d 326; *Matter of Torres v Coughlin,* 166 AD2d 793).

In view of our finding that the petitioner was denied his right under the regulations to call witnesses and that a substantial amount of time has passed since the hearing was conducted in 1990, we conclude that the appropriate remedy is expungement of the petitioner's record, rather than remittal for a new hearing *(see, e.g., Matter of Barnes v LeFevre, supra; Matter of Maier v Coughlin,* 193 AD2d 1015; *Matter of Gonzalez v Mann, supra).* Sullivan, J. P., O'Brien, Ritter and Joy, JJ., concur.