■ In the Matter of AARON BREAZIL, Appellant, v DANIEL SENKOWSKI, as Superintendent of Clinton Correctional Facility, et al., Respondents. [605 NYS2d 460] —Mahoney, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered August 10, 1992 in Clinton County which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged with assault in connection with the stabbing of a fellow inmate and, following a hearing, was found guilty. Claiming that his due process and regulatory rights were violated at the hearing, he thereafter commenced the instant proceeding. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Despite his contentions to the contrary, petitioner was advised that confidential testimony was being taken in connection with the hearing and a valid reason was given to him by the Hearing Officer as to why the testimony could not be disclosed. Under prevailing authority this mode of proceeding does not violate petitioner's due process right to

know the evidence relied upon by the Hearing Officer in making his determination *(see, e.g., Matter of Volgarino v Coughlin,* 173 AD2d 939; *Matter of Pinargote v Berry,* 147 AD2d 746, 747, *lv denied* 74 NY2d 606). Further, even assuming, arguendo, that petitioner's comments at the hearing can be characterized as a request to view the photographs used in a photo array presented to the victim, inasmuch as it is clear from the record that the victim's photo array identification was merely confirmatory and that the actual identification was based upon the victim's prior acquaintance with petitioner, the absence of an opportunity to challenge the photo array is harmless and does not affect the determination *(see, Matter of Santiago v Hoke,* 183 AD2d 978, 980-981, *lv denied* 80 NY2d 757).

Nor are we persuaded that respondents impermissibly denied petitioner his right to call certain witnesses. According to refusal forms executed by petitioner's employee assistant, three inmates were unwilling to testify stating that they knew nothing of the incident and feared reprisal. Inasmuch as the attack occurred in the victim's cell and during a time when the inmates on the cell block were out for recreation, we find that a sufficient basis exists to find that these inmates' reasons for refusal were not specious and that their testimony would be of little or no relevance so as to render the Hearing Officer's summary denial of their testimony permissible *(see,* 7 NYCRR 254.5; *Matter of Barnes v LeFevre,* 69 NY2d 649; *Matter of Silva v Scully,* 138 AD2d 717; *Matter of Wong v Coughlin,* 137 AD2d 272; cf., *Matter of Codrington v Mann,* 174 AD2d 868; *Matter of Williams v Coughlin,* 145 AD2d 771). While a fourth inmate refused to testify without reason, we find that the Hearing Officer made the "meaningful effort" required to obtain the requested testimony. He contacted the correctional facility to which the witness subsequently had been moved and requested to speak with him directly in an effort to obtain his testimony, but was advised that he refused to come to the telephone, to give testimony or to explain the reason for his refusal. Under these circumstances, petitioner's right to call this witness cannot be said to have been violated *(see, Matter of Maier v Mann,* 187 AD2d 850).

Crew III, J. P., Cardona, White and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.