■ In the Matter of CHRISTOPHER HYNES, Appellant, v CHARLES SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Respondents. [610 NYS2d 318] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondents, dated July 19, 1991, that the petitioner violated several corrections facility regulations, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Hillery, J.), entered April 27, 1992, which dismissed the petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled, the petitioner's record with respect to the instant matter is expunged, and his good behavior allowance lost as a result of the determination under review is restored.

The petitioner was found guilty, following a Superintendent's hearing in July 1991, of charges of assault, violent conduct, and interference with an employee. The charges arose from the petitioner's alleged assault upon correction officers. The petitioner informed the Hearing Officer that he sought to call an inmate witness who would allegedly testify that the day before the assault, he heard the correction officers threaten the petitioner that they would "get" him the next day. However, during the hearing, the petitioner was informed that the inmate witness refused to testify.

The record contains a witness refusal form which indicated that the inmate refused to testify at the hearing or to provide a reason for his refusal, and did not sign the form. One correction officer indicated on the form that he had spoken to the inmate and the inmate refused to give a reason for his refusal. We conclude that the Hearing Officer failed to make the required meaningful effort to obtain the requested testimony, since he did not personally question the inmate regarding his refusal to testify, nor is there any indication that he questioned the correction officer who signed the form *(see, Matter of Afrika v Selsky,* 199 AD2d 315; *Matter of Barnes v LeFevre,* 69 NY2d 649; *Matter of Williams v Coughlin,* 145 AD2d 771; *Matter of Silva v Scully,* 138 AD2d 717; 7 NYCRR 254.5 [a]; *cf., Matter of Breazil v Senkowski,* 199 AD2d 769).

In view of our finding that the petitioner was denied his right under the regulations to call witnesses and that a substantial amount of time has passed since the hearing was conducted in 1991, we conclude that the appropriate remedy is expungement of the petitioner's record, rather than remittal for a new hearing *(see, e.g., Matter of Afrika v Selsky, supra;*

*Matter of Barnes v LeFevre, supra; Matter of Williams v Coughlin,* 145 AD2d 771, *supra).*

In light of our determination, we decline to review the petitioner's remaining contention. Lawrence, J. P., O'Brien, Joy and Florio, JJ., concur.