*778 OPINION OF THE COURT
Ralph A. Beisner, J.
This petition pursuant to CPLR article 78 is granted, respondent’s determination made after a Tier III hearing on August 5, 1993 is reversed and annulled, and respondent is directed to expunge all references to this proceeding from petitioner’s departmental and institutional files and to restore the good behavior allowance lost.
This proceeding challenges a Tier III Superintendent’s proceeding held against petitioner at Green Haven Correctional Facility. The hearing concluded on August 5, 1993. Petitioner was found guilty of assault and was sentenced to 365 days’ punitive confinement in the Special Housing Unit and six months’ loss of good time. Petitioner submitted an administrative appeal of that determination, and the conviction was affirmed on October 21, 1993.
At the hearing two of the key witnesses, inmates Fosse and Ignartua, testified out of the presence of petitioner. Petitioner was not permitted to hear the tape of Fosse’s testimony and heard only an excerpt of Ignartua’s testimony.
In this proceeding, petitioner seeks judgment annulling respondent’s determination on two grounds. Petitioner first asserts that his due process rights to call witnesses and know the evidence against him were violated because Fosse and Ignartua were permitted to testify outside of his presence. Petitioner next claims that there was an inadequate basis for the Hearing Officer to determine the reliability and credibility of the confidential informants, and the determination was not supported by substantial evidence.
Respondent’s attorney states in his affirmation that while preparing his answer, he learned that the tape of the testimony of inmate Fosse was cut off after only two minutes and contains no testimony from this inmate, who was the victim of the assault for which petitioner was convicted. Because of this problem with the tape, respondent concedes that reversal is required. Respondent argues, however, that the unavailability of a complete tape is only a procedural violation (7 NYCRR 254.6) and the matter should be reversed, the conviction expunged, and the matter remanded for a rehearing. Petitioner argues that the proper remedy is reversal and expungement, without a remand for a new hearing.
Expungement, as opposed to a new hearing, is required only when (1) the challenged disciplinary determination is not *779 supported by substantial evidence, (2) there has been a violation of one of the inmate’s fundamental due process rights, as enunciated in Wolff v McDonnell (418 US 539), or (3) other equitable considerations dictate an expungement of the record rather than remittal for a new hearing (Matter of Hillard v Coughlin, 187 AD2d 136, 140). "In Wolff, the Supreme Court set forth two basic requirements of due process which must be available to prison inmates charged with misconduct: at least 24 hours advance written notice of the charged violation, and a written statement of the fact finders as to the evidence relied upon and the reason for the action taken (418 US, pp 563-564). The first requirement is designed to enable the inmate to marshal the facts in his defense and to clarify the charges (id., p 564). The second is to provide a written basis for administrative or judicial review of the actions of the prison authorities, if such review is available (id., pp 564-565).” (Matter of Amato v Ward, 41 NY2d 469, 472.) In the interest of institutional safety, it is sometimes necessary for some evidence relied on by the Hearing Officer to remain confidential (see, Matter of Guzman v Coughlin, 90 AD2d 666). In such cases, so long as the confidential documents are submitted to the reviewing court for in camera inspection, the function of providing the court with a basis for review of the disciplinary decision is served (Matter of Boyd v Coughlin, 105 AD2d 532, 533).
In the instant proceeding, the tape of the evidence relied upon by the Hearing Officer is unavailable for judicial review. This violates one of petitioner’s fundamental due process rights and not merely a procedural right.
In addition, equitable considerations favor expungement of the record rather than remittal for a new hearing. By letter dated April 7, 1994, the attorneys for petitioner have advised the court that petitioner was released from punitive confinement on April 4, 1994, having served the disciplinary penalty in full (see, Matter of Curry v Kelly, 144 AD2d 1014).
Finally, immediately after his conviction petitioner brought an administrative appeal raising the issues which are raised in this proceeding. Petitioner’s appeal was denied and the conviction affirmed on October 21, 1993. The defect in the tape recording of the hearing could have been and should have been discovered at the time of the administrative appeal, not at the time of this proceeding.
Accordingly, the petition is granted and respondent’s deter *780 mination made after a Tier III hearing on August 5, 1993 is reversed and annulled, and respondent is directed to expunge all references to this proceeding from petitioner’s departmental and institutional files and to restore the good behavior allowance lost (see, Matter of Allah v LeFevre, 132 AD2d 293).