■ In the Matter of ASTON CORDOVA, Appellant, v THOMAS A. COUGHLIN, III, et al., Respondents. [614 NYS2d 750] —In a proceeding pursuant to CPLR article 78 to review a determination of the Green Haven Correctional Facility, dated January 31, 1992, which, after a hearing, found that the petitioner had violated several correctional facility regulations, the petitioner appeals (1) from a decision of the Supreme Court, Dutchess County (Jiudice, J.), entered July 30, 1992, which denied the petition and dismissed the proceeding, and (2) a judgment of the same court, dated September 29, 1992, which also denied the petition and dismissed the proceeding.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, since no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled, the petitioner's record with respect to the instant matter is expunged, and his good behavior allowance that was lost as a result of the determination is restored.

Following a disciplinary hearing in January 1992, the petitioner was found guilty of charges of assault and violent conduct. On appeal, he contends that the respondents' determination should be annulled because he was impermissibly denied his right to call his alleged accomplice as a witness at the hearing. We agree.

A prisoner who is charged with violating a prison regulation

that could result in the loss of "good behavior time" is entitled to minimal due process protections, including "a conditional right to call witnesses when that will not be unduly hazardous to institutional safety or correctional goals" *(Matter of Laureano v Kuhlmann,* 75 NY2d 141, 146).

Here, although the record contains a witness-refusal form indicating that the petitioner's alleged accomplice was unwilling to testify, the form was not signed by the prospective witness, and it does not provide a reason for his refusal to testify. Moreover, the Hearing Officer did not personally question the prospective witness regarding his refusal to testify, nor did he question the correction officers who signed the form as witnesses. Under these circumstances, the Hearing Officer failed to make the required meaningful effort to obtain the requested testimony *(see, Matter of Barnes v LeFevre,* 69 NY2d 649; *Matter of Hynes v Scully,* 203 AD2d 462; *Matter of Afrika v Selsky,* 199 AD2d 315; *Matter of Codrington v Mann,* 174 AD2d 868; 7 NYCRR 254.5 [a]).

In view of our finding that the petitioner was denied his right to call a witness and since a substantial amount of time has passed since the hearing was conducted in January 1992, we conclude that the appropriate remedy is expungement of the petitioner's record rather than remittal of the matter for a new hearing *(see, e.g., Matter of Sullivan v Coughlin,* 204 AD2d 557; *Matter of Hynes v Scully, supra; Matter of Afrika v Selsky, supra).*

In light of our determination, we decline to review the petitioner's remaining contentions. Bracken, J. P., Altman, Krausman and Goldstein, JJ., concur.