■ In the Matter of RAYMOND CAMPANALE, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent. [626 NYS2d 287] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

When petitioner's cell at Cayuga Correctional Facility was searched, he was found to have in his possession a sheet of Elmira Correctional Facility letterhead on which the name of a correction counselor had been whited out, eight blank temporary license/identification cards from the Department of

Motor Vehicles, and several State and Federal agency employee identification cards. A misbehavior report was then served upon petitioner charging him with, *inter alia,* violating disciplinary rules 108.13 and 113.11 set forth in 7 NYCRR 270.2 (b).*

At the tier III hearing, petitioner pleaded not guilty and offered several exculpatory explanations for having the aforementioned items in his possession. At the close of petitioner's testimony, the Hearing Officer informed him that Michael Urban of the Inspector General's office had requested that he be allowed to testify regarding the investigative process used to identify petitioner's involvement with another inmate who was planning an escape. The Hearing Officer first interviewed Urban out of petitioner's presence because his testimony recounting investigative techniques could jeopardize institutional safety and correctional goals. In petitioner's presence, Urban related by telephone that officials had intercepted a letter written by Ricardo Derose, an inmate at Clinton Correctional Facility, stating that he needed assistance in setting up an escape plan. The officials also discovered that Derose communicated with Carol Roe, a nonincarcerated person, who was also on petitioner's visiting and telephone list. Petitioner then questioned Urban regarding his testimony.

In his confidential testimony, Urban stated that Derose was also found to have employee identification cards in his possession and that he and petitioner had both offered the same implausible excuse—that they were conducting research for a book—for why they had the cards. He further related that Derose and petitioner had been inmates together at Elmira Correctional Facility.

Based upon the misbehavior report and Urban's confidential testimony, the Hearing Officer concluded that "the intent of these articles was to aid in an escape attempt" and found petitioner guilty of violating rules 108.13 and 113.11. When petitioner's request for administrative relief was denied, he commenced this CPLR article 78 proceeding which primarily focuses on his violation of rule 108.13.

Initially, we find that petitioner waived any challenge to the

---

* Rule 108.13 states that "[i]nmates shall not be in possession of any article or paraphernalia which gives reasonable grounds to believe escape is planned".

Rule 113.11 states that "[i]nmates shall not possess any authorized item that has been altered in any manner so as to change its original intent and/ or purpose".

adequacy of the notice of the nature of the charges set forth in the misbehavior report by failing to raise this issue at the hearing *(see, Matter of Rodriguez v Coughlin,* 190 AD2d 919). In any event, as it is not necessary in a misbehavior report to itemize in evidentiary detail all aspects of the case and it is not always possible, because of security concerns, to provide greater detail, we find that the misbehavior report was sufficient, even though it contained no reference to the Derose escape plan. The misbehavior report expressly set forth in detail the evidence on which the charge was essentially predicated, i.e., the items in petitioner's possession, thereby affording him the opportunity to present a defense which, in fact, he did *(see, Matter of Lahey v Kelly,* 71 NY2d 135, 144; *Matter of Martin v Coughlin,* 173 AD2d 1039; *Matter of Morales v Senkowski,* 165 AD2d 393, 395).

Petitioner likewise waived his challenge to Urban's confidential testimony by failing to object at the hearing when any error could have been corrected *(see, Matter of Gonzales v Coughlin,* 180 AD2d 974; *Matter of Rivera v Coughlin,* 179 AD2d 949). Were we to consider the challenge, we would find that it lacks merit since petitioner was advised that confidential testimony was being taken in connection with the hearing, a valid reason was given for keeping the testimony confidential and the testimony has been submitted for our in camera inspection *(see, Matter of Breazil v Senkowski,* 199 AD2d 769). Petitioner's challenge is further diminished by the fact that Urban testified as to the substance of his investigation and was questioned by petitioner.

Inasmuch as it was within the Hearing Officer's discretion to reject petitioner's explanation for his possession of the documents *(see, Matter of Holley v Coughlin,* 187 AD2d 865), we reject petitioner's argument that respondent's determination is not supported by substantial evidence. In our view, the detailed misbehavior report, together with Urban's confidential testimony, provide that " 'kind of evidence on which responsible persons are accustomed to rely in serious affairs' " *(People ex rel. Vega v Smith,* 66 NY2d 130, 139, quoting *National Labor Relations Bd. v Remington Rand,* 94 F2d 862, 873, *cert denied* 304 US 576).

We have considered petitioner's remaining contentions and find them unpersuasive.

Mikoll, J. P., Casey, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.