■ In the Matter of HERBERT LEWIS, Petitioner, v PETER J. LACY, as Superintendent of Bare Hill Correctional Facility, et al., Respondents. [650 NYS2d 45] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was an inmate at Bare Hill Correctional Facility in Franklin County when he was found guilty of violating prison disciplinary rules prohibiting making false statements, disobeying a direct order, threatening violence and refusing to submit to a pat frisk. Petitioner challenges this determination, contending that it should be annulled because his due process rights were violated by the Hearing Officer's refusal to call nine of the 14 witnesses whom petitioner had requested to testify at his disciplinary hearing.

An inmate may not be disciplined without being afforded the opportunity to call and present witnesses, but that right is conditional (*see, Matter of Laureano v Kuhlmann*, 75 NY2d 141, 147). If a Hearing Officer has determined that the testimony of the requested witnesses would be redundant, irrelevant or threatening to the facility's safety, he is under no obligation to call them (*see, Matter of Johnson v Coombe*, 228 AD2d 755, 756; *Matter of Boyd v Coughlin*, 216 AD2d 617). In the instant matter, the Hearing Officer made written notations regarding each of the nine witnesses in question, determining that their anticipated testimony would be either redundant, irrelevant or both. We accordingly find that the failure to call these witnesses did not constitute a violation of petitioner's due process rights. We have examined petitioner's remaining contentions and find them to be without merit.

Cardona, P. J., Mikoll, Crew III, Peters and Spain, JJ.,

concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.