■ In the Matter of DARRYL BAUM, Petitioner, v DONALD SELSKY, as Director of Inmate Discipline/Special Housing of the New York State Department of Correctional Services, Respondent. [653 NYS2d 388] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged with engaging in violent conduct, assaulting another inmate and possessing a weapon following an incident in which inmate Bartholomew Pavarotti was cut with a sharp instrument. Petitioner was found guilty of these charges after a disciplinary hearing. He challenges this administrative determination arguing, inter alia, that it is not supported by substantial evidence and that the Hearing Officer did not sufficiently assess the credibility of confidential sources. Based upon our review of the record, we find these claims to be without merit.

Correction Sergeant R. Krom, the correction officer who prepared the misbehavior report, testified that three different confidential sources approached him to report that petitioner and another inmate had cut Pavarotti. He stated that the incident occurred at approximately 9:00 A.M. in the school area. Patty Mentnesh, supervisor of volunteer tutors, testified that she saw petitioner near the basement in the school area at around the time the incident occurred. Petitioner himself admitted to being in this vicinity at the time of the incident. In addition, Krom stated that while he was escorting Pavarotti to the infirmary, Pavarotti provoked a fight with petitioner. In view of the information provided by the confidential sources, as well as the evidence placing petitioner at the scene of the incident and Pavarotti's retaliation against petitioner, we find that substantial evidence supports the administrative determination.

We further find that the Hearing Officer adequately assessed the credibility of confidential sources. Although the Hearing Officer did not interview the informants or obtain statements from them, he did question the correction officer who personally spoke with each informant concerning the informants' basis of knowledge and reliability. Based upon our in camera review, we find that the confidential testimony was sufficiently specific and detailed to allow the Hearing Officer to independently assess the informants' credibility (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113; *Matter of Lopez v Lacy*, 184 AD2d 819; *Matter of Santiago v Hoke*, 183 AD2d 978, *lv denied* 80 NY2d 757). We have considered petitioner's remaining claim and find it to be unavailing.

Cardona, P. J., White, Casey and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.