■ In the Matter of PATRICK FLYNN, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [657 NYS2d 494] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

While an inmate at Downstate Correctional Facility in Ulster County, petitioner was served with a misbehavior report charging him with violating prison disciplinary rules prohibiting creating a disturbance, refusing a direct order and organizing a demonstration. The report was written as a result of petitioner's conduct after food trays were not delivered to him and other inmates as scheduled. Petitioner was observed shaking his cell, shouting obscenities and encouraging other inmates to engage in disruptive behavior. Following a disciplinary hearing, he was found guilty of all charges. Petitioner commenced this proceeding challenging the adverse determination on the basis, *inter alia*, that it is not supported by substantial evidence, he was improperly denied the right to call certain witnesses and the Hearing Officer was biased.

Initially, we reject petitioner's claim that substantial evidence does not support the determination. While the record indicates that the Hearing Officer considered information provided by confidential informants without, *inter alia*, making an independent assessment of the informants' reliability, annulment is not required in light of the other evidence of petitioner's guilt (*see, Matter of Gardiner v Senkowski*, 234 AD2d 708; *Matter of Hernandez v Coughlin*, 206 AD2d 578, 579, *appeal dismissed, lv denied* 84 NY2d 1024; *Matter of Turner v Coughlin*, 186 AD2d 843). The record demonstrates that the confidential information in question only related to background information concerning the incident and did not form the basis for the charges in the misbehavior report.

Significantly, the author of the misbehavior report, the correction officer who witnessed the incident in question, testified concerning petitioner's conduct as described in the misbehavior report. This constituted substantial evidence supporting the administrative determination (*see, Matter of James v Coombe*, 234 AD2d 848). To the extent that petitioner's inmate witnesses contradicted his testimony, that presented a question of credibility for the Hearing Officer to resolve (*see, Matter of Lashway v Stinson*, 226 AD2d 874).

Likewise, we find no merit to petitioner's claim that he was improperly denied the right to call certain witnesses. Petitioner failed to demonstrate that the inmate witnesses he desired to call would not have given testimony redundant to that of the six inmate witnesses who did testify (*see, Matter of Lewis v Lacy*, 233 AD2d 637). As to petitioner's request for witnesses from other correctional facilities, the witnesses did not have personal knowledge of the incident in question and their testimony was not relevant to the charges (*see, Matter of Johnson v Coombe*, 228 AD2d 755, 756).

Finally, although petitioner has not preserved his claim of Hearing Officer bias (*see, Matter of Giakoumelos v Coughlin*, 192 AD2d 998, *lv denied* 82 NY2d 658), we would nevertheless find this claim unavailing. Our review of the hearing transcript discloses that the Hearing Officer conducted the hearing in a fair and impartial manner (*see, Matter of Robles v Coombe*, 234 AD2d 847; *Matter of Moore v Coughlin*, 222 AD2d 943, *lv denied* 87 NY2d 812).

We have considered petitioner's remaining contentions and find them either unpreserved for our review or lacking in merit.

Mercure, White, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.