In the Matter of TONY CAMPBELL, Petitioner, v MELVIN L. HOLLINS, as Superintendent of Oneida Correctional Facility, Respondent. [672 NYS2d 162] —Determination unanimously annulled on the law without costs and petition granted in accordance with the following Memorandum: Petitioner, an inmate at Oneida County Correctional Facility, was charged with refusing a direct order (7 NYCRR 270.2 [B] [7] [i]) and failing to comply with a fire alarm (7 NYCRR 270.2 [B] [19] [x]). According to the misbehavior report, a correction officer went into the inmate bathroom after a fire alarm had sounded, and he ordered all inmates to leave the unit. Five minutes later, another correction officer checked the unit and found petitioner in the inmate shower. At the Tier II hearing, petitioner pleaded not guilty and requested those correction officers as witnesses. Petitioner stated that he did not comply with the fire alarm because he could not hear the alarm in the shower with the bathroom door closed and the water running. Petitioner was found guilty of the fire drill violation and not guilty of refusing a direct order. The Hearing Officer denied petitioner's request to call the correction officers as witnesses based on the Hearing Officer's opinion that the fire alarm is "deafening" and there was "no way" petitioner could not have heard it in the shower area. That opinion is unsupported in the record and was based on the observation of the Hearing Officer that he knows "how loud those fire alarms are" and that, when he is in his house and in the shower with the bathroom door closed, he can hear the telephone ring. The objective and impartial determination of a Hearing Officer must be based on something more than his personal opinion.

The testimony of the correction officers would have been neither irrelevant nor redundant, and the Hearing Officer deprived petitioner of his right to call witnesses in support of his defense (*see, Matter of Adams v Coughlin*, 202 AD2d 1055; *Matter of Afrika v Selsky*, 199 AD2d 315; *Matter of Gonzalez v*

*Mann*, 186 AD2d 326). For the same reasons, the determination is not supported by substantial evidence.

Expungement is the proper remedy because petitioner was denied the opportunity to call witnesses and present a defense (*see, Matter of Adams v Coughlin, supra; Matter of Afrika v Selsky, supra; Matter of Gonzalez v Mann, supra*). The determination is annulled, the petition is granted, and respondent is directed to expunge all references to this incident from petitioner's file and to refund the $5 surcharge. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Oneida County, Murad, J.) Present—Pine, J. P., Lawton, Hayes, Wisner and Boehm, JJ.