■ In the Matter of EVAN BROWN, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit, Respondent. [728 NYS2d 245] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

In separate misbehavior reports, petitioner and his cellmate were charged with violating the prison disciplinary rule which prohibits inmates from starting a fire. On the same day, the same Hearing Officer conducted separate tier III disciplinary hearings on the misbehavior reports and, after petitioner's

hearing, he was found guilty of the charge. We need only address the first of the many issues raised by petitioner in this CPLR article 78 proceeding to review the determination because we find it to have merit.

Although this Court has previously concluded in other cases that there was no impropriety in the same Hearing Officer conducting separate hearings for several inmates involved in a single incident (*see, Matter of Proctor v Coombe*, 234 AD2d 749, 751; *Matter of Hart v Coombe*, 229 AD2d 754, 755, *lv denied* 89 NY2d 802; *Matter of Cowart v Pico*, 213 AD2d 853, 855, *lv denied* 85 NY2d 812), the critical factor in those cases was the absence of anything in the record to suggest that the Hearing Officer considered evidence outside the record. The record is not so benign in this case. In finding petitioner guilty, the Hearing Officer expressly relied in part on the testimony of petitioner's cellmate, but there is nothing in the cellmate's partially transcribed testimony—as reported in the record of petitioner's hearing—which supports a finding of petitioner's guilt. While the evidentiary omission could be the result of gaps in the transcript of petitioner's hearing created by an inadequate tape recording, the record nevertheless fails to demonstrate that the cellmate's testimony relied on by the Hearing Officer occurred at petitioner's hearing and not at the cellmate's hearing.

The harmless error rule has been applied to uphold a determination in cases involving reliance upon tainted evidence where the other evidence relied on by the Hearing Officer constituted substantial evidence to support the determination (*see, Matter of Carter v Goord*, 266 AD2d 623, 624). In such a case, the tainted evidence was merely cumulative. The misbehavior report in this case alleges that, upon smelling smoke, the author of the report "found the smoke coming from [petitioner's] cell." At the hearing, however, the author of the report testified that he saw nothing burning and, when asked about smoke coming from petitioner's cell, replied, "There wasn't no smoke, no." In addition, while petitioner admitted that his ashtray was smoldering, he insisted that it was only a cigarette, which he was permitted to smoke in his cell. The record does not rule out the possibility that the Hearing Officer relied on the cellmate's testimony given at the cellmate's hearing to resolve the credibility issues created by these inconsistencies. Accordingly, it cannot be said that the tainted evidence was merely cumulative rather than essential to the determination. The determination must, therefore, be annulled and the matter expunged from petitioner's institutional record.

Cardona, P. J., Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.