■ In the Matter of NELSON ESCOTO, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [779 NYS2d 314]—

Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a non-English speaking inmate, was charged in a misbehavior report with violating the prison disciplinary rules which prohibit the possession of a weapon and alteration of an item after a search of his cell uncovered a sharpened can lid. At a tier III hearing, petitioner was provided with an interpreter. He was found guilty of the charges and, following an administrative appeal, commenced this CPLR article 78 proceeding challenging the determination.

After examining the record, we conclude that petitioner was deprived of his regulatory and constitutional right to call witnesses, requiring annulment of the determination. At the begin-

ning of the hearing, petitioner, through his interpreter, requested that four inmates be permitted to testify. He stated that the inmates would be expected to corroborate his defense that he had been given the can lid by another inmate for the purpose of cutting vegetables in preparation for a meal and that he had not attempted to alter the lid into a weapon. After permitting the first two inmates to testify, the Hearing Officer precluded the last two witnesses by finding that their testimony would be redundant. As to this ruling, we discern no error.

However, the Hearing Officer thereafter called a correction officer, on his own, who testified that he had discovered an unsigned note during a routine search of the cell of one of the witnesses whose testimony the Hearing Officer had just precluded. This note, written in English, was read into the record; it apparently gave instructions on how to testify to the incident for which petitioner was charged. Petitioner, through his interpreter, stated that he could not write in English and denied having any knowledge of the note other than explaining that it may have been written by petitioner's neighbor to inform another inmate about what he would be expected to testify to at the hearing. Because of this new information, petitioner reiterated his request to call the witnesses who had previously been precluded. The Hearing Officer ignored his request, but stated that the note was relevant since it evinced an attempt by petitioner to coerce the testimony of others. After the further testimony of two correction officers, the Hearing Officer found petitioner guilty of both charges on the basis of the witnesses' testimony and the misbehavior report. Before the hearing adjourned, petitioner again alluded to the importance of his precluded witnesses' testimony and, therefore, registered a general objection to the hearing.

Under these circumstances, the Hearing Officer erred by excluding the testimony of the witness in whose cell the note was found. Although a prisoner's right to call witnesses at a disciplinary hearing is limited, a Hearing Officer is nonetheless obligated to abide by an inmate's reasonable requests so long as the proposed testimony is not irrelevant, redundant or would pose a threat to institutional security (*see* 7 NYCRR 254.5 [a]; *Matter of Miller v Goord,* 2 AD3d 928, 929-930 [2003]; *Matter of Lewis v Lacy,* 233 AD2d 637, 637 [1996]). While an initial exclusion of this witness's testimony as redundant was a proper exercise of discretion, the situation changed when the Hearing Officer took the testimony of the correction officer who had found the note, read it into the record and determined that it had been written by petitioner. Based on this new evidence, it is

clear that such inmate's testimony became relevant to these proceedings; the Hearing Officer's previous determination of redundancy was no longer supported by a sufficient basis in the record (*see Matter of Dawes v Selsky,* 286 AD2d 806, 807-808 [2001]; *Matter of Wong v Coughlin,* 137 AD2d 272, 273 [1988]; *Matter of Bole v Coughlin,* 132 AD2d 70, 72-73 [1987]). As "[t]he burden is on prison officials to prove that there is a valid reason for precluding a witness from testifying" (*Matter of McDermott v Scully,* 145 AD2d 421, 422 [1988]), we are of the view that the Hearing Officer was obligated to meet this burden anew once he stated his intention to rely on evidence recovered from a witness whose testimony he had previously denied (*see Matter of Holloway v Lacy,* 263 AD2d 740, 741-742 [1999]; *Matter of Marquez v Mann,* 192 AD2d 100, 104-105 [1993]; *Matter of Codrington v Mann,* 174 AD2d 868, 869 [1991]; *see also Matter of Garcia v LeFevre,* 64 NY2d 1001, 1003 [1985]). Further, it readily appears that the Hearing Officer relied on the note to reject petitioner's defense and resolve issues of credibility against him. For these reasons, we cannot conclude that this error was harmless (*see Matter of Brown v Selsky,* 284 AD2d 827, 828 [2001]; *cf. Matter of Dumpson v Mann,* 225 AD2d 809 [1996], *lv denied* 88 NY2d 805 [1996]).

We are not persuaded by respondent's contention that petitioner knowingly and intelligently waived his right to call this witness. Accordingly, the determination must be annulled and the matter expunged from petitioner's institutional record (*see Matter of Dawes v Selsky, supra* at 808; *Matter of Weiss v Coughlin,* 199 AD2d 638, 639-640 [1993]; *Matter of Contras v Coughlin,* 199 AD2d 601, 602-603 [1993]; *Matter of Allah v LeFevre,* 132 AD2d 293, 295 [1987]).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.