■ In the Matter of MIGUEL SANCHEZ, Petitioner, v FRANK IRVIN, as Superintendent of Wende Correctional Facility, et al., Respondents.—Determination unanimously confirmed and petition dismissed. Memorandum: In this proceeding, transferred to our Court pursuant to CPLR 7804 (g), petitioner seeks to annul a determination, following a Tier III prison disciplinary hearing, finding him guilty of participating in an inmate uprising at the Southport Correctional Facility.

Petitioner contends that respondents' determination was not supported by substantial evidence. Petitioner stresses his "heroic" actions in securing the release of an injured correction officer shortly after the disturbance began. Respondents do not dispute that petitioner played a significant role in the release of that officer. Although petitioner's actions with respect to the injured officer are commendable, they do not exonerate him from responsibility for his conduct during the remainder of the disturbance. In addition to the written misbehavior report, the Hearing Officer relied upon the charging officer's testimony concerning petitioner's involvement in the negotiations and in making demands that certain conditions be met before the other hostages would be released.

From our review of the record, we conclude that there is substantial evidence to support respondents' determination *(see, People ex rel. Vega v Smith,* 66 NY2d 130). In addition, there is no evidence in the record which would support petitioner's defense of justification with respect to his subsequent conduct.

Petitioner was not denied a fair hearing by the Hearing Officer's refusal to call certain witnesses. The additional testimony requested by petitioner would have been either redundant or immaterial *(see,* 7 NYCRR 254.5 [a]). Likewise, al-

though a written report prepared by a correction officer did contain a favorable account of petitioner's role in the release of the injured hostage, that fact was not in controversy. The report was not relevant with respect to the charges relating to petitioner's subsequent conduct in negotiating conditions for the release of other hostages. Thus, we conclude that petitioner suffered no prejudice. (Article 78 Proceeding Transferred by Order of Supreme Court, Erie County, Gorski, J.) Present—Callahan, J. P., Green, Pine, Boehm and Davis, JJ.