■■ In the Matter of KENNETH JOHNSON, Appellant, v THOMAS A. COUGHLIN, as Commissioner of the Department of Correctional Services, et al., Respondents.—Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Petitioner failed to raise on administrative appeal the contention that the Hearing Officer erred in refusing to review the videotape of the incident at the de novo disciplinary proceedings. Therefore, he has failed to exhaust his administrative remedies and the court has no discretionary power to reach this issue *(see, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375-376). Respondents now concede that the sanction was inappropriate, and consent to entry of an order modifying that aspect of the determination imposing confinement in the special housing unit from 36 months to 1080 days. The determination is modified accordingly. (Appeal from Judgment of Supreme Court, Wyoming County, Dadd, J.—Article 78.) Present—Denman, P. J., Green, Lawton, Fallon and Doerr, JJ.

■■ In the Matter of DEREK MALLOY, Petitioner, v THOMAS A. COUGHLIN, as Commissioner of the Department of Correctional Services, et al., Respondents.—Determination unanimously confirmed and petition dismissed. Memorandum: Petitioner's admissions, and the testimony of inmate Washington and Correction Officer Balcer, constitute substantial evidence to support the determination that petitioner engaged in unauthorized exchanges of personal items. (Article 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Green, Lawton, Fallon and Doerr, JJ.