◼ In the Matter of RONNIE FITZGERALD, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent. [595 NYS2d 253] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty after a Superintendent's hearing of violating State-wide rules prohibiting rioting, threatening, violent conduct and possession of weapons as a result of his activities during an inmate uprising at Southport Correctional Facility in Chemung County. He now raises various arguments in contending that the determination must be annulled.

Initially, we reject petitioner's argument that the Hearing Officer was biased. Nothing in the record reveals evidence of bias or that the outcome of the hearing was affected by bias (see, Matter of Williams v Coughlin, 190 AD2d 883; Matter of Nieves v Coughlin, 157 AD2d 943, 944). The fact that the record indicates that the Hearing Officer spoke brusquely with petitioner in attempting to control him does not compel a different result (see, Matter of Afrika v Edwards, 160 AD2d 1212). We also find no denial of petitioner's right to employee

assistance. Petitioner was given an opportunity to choose an employee assistant and refused to select an assistant or to sign the assistance form *(see, Matter of Dawes v Coughlin,* 176 AD2d 415, *lv denied* 79 NY2d 751; *Matter of Aviles v Scully,* 154 AD2d 371).

Further, we do not find any denial of petitioner's right to submit evidence which requires annulment. Petitioner's defense was that he had experienced an epileptic seizure during the incident and could not have been involved. The only documents requested by petitioner were his medical records. The record reveals that the Hearing Officer reviewed these medical records and took official notice of petitioner's epileptic condition. A review of the medical records establish that they contain no indication that petitioner suffered a seizure during the incident in question, and no relevant information other than that of which the Hearing Officer took official notice. Given these circumstances, we find no prejudice to petitioner *(see, Matter of Maldonado v Coughlin,* 186 AD2d 974; *Matter of Cioci v Coughlin,* 169 AD2d 895; *Matter of Morales v Senkowski,* 165 AD2d 393; *see also, Matter of Sanchez v Irvin,* 186 AD2d 996). Finally, we find that the Hearing Officer properly refused to call an inmate witness whose testimony would have been redundant *(see, Matter of Sanchez v Irvin, supra; Matter of Santiago v Hoke,* 183 AD2d 978, *lv denied* 80 NY2d 757).

Weiss, P. J., Yesawich Jr., Mercure, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.