■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES L. RIVERS, Appellant, v KEVIN WALSH, as Sheriff of Onondaga County and Chief of Public Safety Building, Respondent. [667 NYS2d 139] —Judgment unanimously affirmed without costs. Counsel's application to withdraw granted (*see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Supreme Court, Onondaga County, Mulroy, J.—Habeas Corpus.) Present— Green, J. P., Lawton, Doerr, Boehm and Fallon, JJ.

■ In the Matter of QUINCY WADE, Petitioner, v PHILIP COOMBE, JR., as Acting Commissioner of New York State Department of Correctional Services, Respondent. [666 NYS2d 1023] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: The misbehavior report and admissions of petitioner at his Tier III hearing constitute substantial evidence supporting the determination of guilt (*see, Matter of Foster v Coughlin,* 76 NY2d 964, 966; *Matter of Malloy v Coughlin,* 187 AD2d 1038). "[P]etitioner's exculpatory explanation [regarding the incident] merely presented a credibility question for the Hearing Officer to resolve" (*Matter of Islar v Coombe,* 226 AD2d 851; *see, Matter of Dotson v Coughlin,* 191 AD2d 912, 913, *lv denied* 82 NY2d 651).

There is no support in the record for the contention of petitioner that the determination of the Hearing Officer was influenced by his bias against petitioner. "The mere fact that the Hearing Officer ruled against the petitioner is insufficient to establish bias" (*Matter of Martinez v Scully,* 194 AD2d 679, 680; *see, Matter of Parker v Coughlin,* 211 AD2d 929).

We have reviewed petitioner's remaining contention and conclude that it is without merit (*see, Matter of Green v Coombe,* 233 AD2d 659; *Matter of Mulero v Coughlin,* 216 AD2d 568, 569). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Green, J. P., Lawton, Doerr, Boehm and Fallon, JJ.