■ In the Matter of RODNEY JOHNSON, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, Respondent. [671 NYS2d 168] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating various prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding challenging an administrative determination finding him guilty of engaging in violent conduct, assaulting another inmate, making threats and committing a sex offense in violation of various prison disciplinary rules. Initially, we reject petitioner's contention that the Hearing Officer failed to make an independent assessment of the credibility of the confidential informants. The Hearing Officer, who personally interviewed the confidential informants, explicitly stated that the veracity of the confidential informants had been reviewed and their testimony was deemed credible (*see generally, Matter of Ayala v Coombe*, 227 AD2d 752, 753; *Matter of Feneque v Selsky*, 188 AD2d 819, 820).

We also reject petitioner's contention that he was denied his right to submit documentary evidence because the results of the rape test were unavailable at the time of the hearing. As

noted by petitioner in his brief, the results of the rape test were made available to him after the hearing. Because the test results do not exclude petitioner as the perpetrator, he has failed to establish any prejudice resulting from their unavailability (*see, Matter of Fitzgerald v Coughlin*, 191 AD2d 941, 942, *lv denied* 82 NY2d 651). Moreover, the misbehavior report, together with the testimony of the victim and the confidential informants, provide substantial evidence in the record to support the determination of guilt.

Petitioner's remaining contentions, including his claim of Hearing Officer bias, have been examined and found to be without merit.

Cardona, P. J., Mikoll, White, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.