■ In the Matter of JOSEPH MULLADY, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [706 NYS2d 274] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner was charged with violating various inmate rules as a result of his possession of a piece of Plexiglas, which he had cut from a larger piece of Plexiglas in the weld shop. Petitioner contends that the determination is not supported by substantial evidence because there is no direct evidence that he possessed the Plexiglas. Contrary to petitioner's contention, a determination may be supported by evidence that is entirely circumstantial (*see, Matter of Mullen v Goord,* 267 AD2d 1040; *Matter of Fereira v Coombe,* 239 AD2d 905). The determination " 'is supported by the kind of evidence on which responsible persons are accustomed to rely in serious affairs' " (*People ex rel. Vega v Smith,* 66 NY2d 130, 139, quoting *National Labor Relations Bd. v Remington Rand,* 94 F2d 862, 873, *cert denied* 304 US 576).

Petitioner further contends that the Hearing Officer erred in rejecting the testimony of the inmate witnesses as being unbelievable. The issue of credibility is for the Hearing Officer to resolve (*see, Matter of Bonettis v Goord,* 267 AD2d 959; *Matter of Hawkins v Coombe,* 225 AD2d 1095, 1096). Although the Hearing Officer referred to testimony taken at other related hearings, the record does not support petitioner's further contention that the Hearing Officer relied on that testimony in support of his determination. Thus, the Hearing Officer was not required to provide petitioner with a transcript or recording of that testimony (*cf., Matter of Lonski v Coughlin,* 126 AD2d 981, 982). Finally, petitioner contends that he was denied his right to present documentary evidence, namely, misbehavior reports relating to other inmates involved in the same

incident. Although a petitioner may be entitled to the misbehavior reports of other inmates if they are relevant to the incident in question and refer to petitioner's activities (*see, Matter of Cowart v Coughlin*, 193 AD2d 887, 888), the only misbehavior report requested by petitioner was, in fact, identical to petitioner's misbehavior report. Thus, petitioner was not prejudiced by the denial of his request. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Pigott, Jr., P. J., Pine, Wisner and Hurlbutt, JJ.