■ In the Matter of LEO PEREZ, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [757 NYS2d 382] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was served with a misbehavior report alleging that he violated the prison disciplinary rule that prohibits the unauthorized use of a controlled substance after his urine sample twice tested positive for the presence of cannabinoids. At the tier III hearing, petitioner pleaded guilty to the charge with an explanation that he was exposed to second-hand smoke due to his cellmate's use of marihuana. The Hearing Officer rejected petitioner's defense and found him guilty of the rule violation. Petitioner commenced this CPLR article 78 proceeding, which was transferred to this Court.*

Petitioner's contention that the correction officer who tested the urine sample was not qualified to do so has not been preserved for our review inasmuch as petitioner failed to raise it at the hearing (*see Matter of Rossano v Goord*, 243 AD2d 773 [1997]). In any event, were we to consider the issue, we would find that the correction officer's signature on the urinalysis procedure form verifies that he is certified to conduct such testing. Next, petitioner contends that the penalty imposed, which was modified on administrative appeal, was shocking to one's sense of fairness. As noted by the Hearing Officer, however, this was petitioner's fourth drug-related violation and lesser penalties had failed to cause petitioner to modify such behavior. We accordingly find no reason to modify the penalty imposed. Upon review of petitioner's remaining contentions, including his claim of hearing officer bias, we find them to be without merit.

---

* Although petitioner claims that the matter was improperly transferred to this Court because he did not raise a substantial evidence issue, we will nevertheless retain the matter in the interest of judicial economy (*see Matter of Hidalgo v Senkowski*, 283 AD2d 839 [2001]).

Cardona, P.J., Peters, Spain, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.