■ In the Matter of EFRAIN SANTANA, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [762 NYS2d 296] —Appeal from a judgment of the Supreme Court (Benza, J.), entered September 5, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Following a disciplinary hearing, petitioner was found guilty of violating the prison disciplinary rules prohibiting violent conduct, creating a disturbance, fighting and refusing to obey a direct order. Petitioner's subsequent CPLR article 78 proceeding was dismissed by Supreme Court, and petitioner now appeals, contending that he was improperly denied access to documentary evidence in the form of the misbehavior reports issued to other inmates allegedly involved in this incident by the correction officer who authored the report against him. Specifically, petitioner contends that these reports would have shown that the reporting officer was too far from him during the incident to be able to identify him as a participant.

In general, a petitioner may be entitled to the misbehavior reports of other inmates if they are shown to be relevant to the incident in question and specifically refer to the petitioner's conduct (*see Matter of Mullady v Goord,* 270 AD2d 821, 822 [2000]); however, petitioner has made no showing of relevancy here. In addition, the misbehavior reports would have been redundant to the evidence presented at the disciplinary hear-

ing, which included petitioner's testimony asserting his non-participation in the fight, as well as the testimony of the reporting officer, who related that he clearly had seen petitioner's direct participation in the incident. The conflict in this testimony presented issues of witness credibility that were resolved in the discretion of the Hearing Officer (*see Matter of Caraway v Herbert,* 285 AD2d 778 [2001]).

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.