■ In the Matter of JASON PENA, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [775 NYS2d 737]—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, entered October 22, 2003 in Wyoming County [Mark H. Dadd, A.J.]) to review a determination of respondent. The determination found after a Tier III hearing that petitioner violated various inmate rules.

It is hereby ordered that the determination be and the same hereby is unanimously modified on the law by granting the petition in part, annulling that part of the determination finding that petitioner violated inmate rule 180.10 (7 NYCRR 270.2 [B] [26] [i]) and vacating the penalty and as modified the determination is confirmed without costs, respondent is directed to expunge from petitioner's institutional record all references thereto, and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a Tier III hearing, that he violated inmate rules 113.10 (7 NYCRR 270.2 [B] [14] [i] [weapon possession]), 114.10 (7 NYCRR 270.2 [B] [15] [i] [smuggling]), 113.25 (7 NYCRR 270.2 [B] [14] [xvi] [drug possession]) and 180.10 (7 NYCRR 270.2 [B] [26] [i] [facility visiting procedures]). As conceded by respondent, the determination that petitioner violated inmate rule 180.10 is not supported by substantial evidence. Consequently, we modify the determination by granting the petition in part and annulling that part of the determination finding that petitioner violated inmate rule 180.10, and we direct respondent to expunge from petitioner's institutional record all references thereto. Because a single penalty was imposed and the record fails to specify any relation between the violations and that penalty, we further modify the

determination by vacating the penalty, and we remit the matter to respondent for imposition of an appropriate penalty on the remaining violations (*see Matter of Whitt v Goord,* 259 AD2d 1045 [1999]). Petitioner's remaining contentions are without merit. The misbehavior reports, documentary evidence and testimony of a correction officer constitute substantial evidence supporting the determination that petitioner violated inmate rules 113.10, 114.10 and 113.25 (*see People ex rel. Vega v Smith,* 66 NY2d 130, 139 [1985]). Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.