■ In the Matter of WILBERTO REYES, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [798 NYS2d 795]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of the Superintendent of Great Meadow Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner presented a call out slip to a correction officer authorizing his attendance at a religious program, which the officer confiscated after noticing certain discrepancies. Upon further investigation, it was believed that the call out slip had been forged and was generated from the law library computer to which petitioner had access. Thereafter, petitioner was charged in a misbehavior report with forgery and being out of place. He was found guilty of both charges following a tier II disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.*

Initially, petitioner asserts that he was improperly denied the right to have the inmate who distributed the call out slips testify at the hearing. The Hearing Officer denied this request on the basis that the inmate's testimony was irrelevant. In making this ruling, the Hearing Officer relied upon testimony at the hearing and documentary evidence establishing that, on the date in question, petitioner's name was not on the master call out sheet or on the call out sheet for the religious program he claimed to be attending. In our view, the inmate's testimony was not irrelevant as it was the only credible evidence that petitioner could have presented to refute the inference, to be drawn from the proof presented at the hearing, that he forged the call out slip at issue. Because his defense was significantly prejudiced by the absence of the inmate's testimony, we are constrained to conclude that the determination must be annulled (*see Matter of Escoto v Goord*, 9 AD3d 518, 519-520 [2004]; *cf. Matter of Lebron v Goord*, 6 AD3d 997, 998 [2004]). In light of our disposition, we need not reach petitioner's remaining claims.

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.

---

* Although the petition did not raise a question of substantial evidence and the proceeding was, therefore, improperly transferred to this Court, we nevertheless retain jurisdiction in the interest of judicial economy (*see Matter of Perez v Goord*, 304 AD2d 939, 939 n [2003]).