In the Matter of JOHN CROSBY, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [808 NYS2d 827]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Southport Correctional Facility in Chemung County, was charged in a misbehavior report with assault on an inmate and committing an unhygienic act. The charges stem from an incident when petitioner allegedly threw feces on another inmate. At the completion of a tier III disciplinary hearing, petitioner was found guilty of both charges. The determination of guilt was subsequently affirmed on administrative appeal, prompting this CPLR article 78 proceeding.

Contrary to petitioner's contention, the misbehavior report, a correction officer's testimony that the inmate victim had identified petitioner as the perpetrator, and another correction officer's testimony that, based upon his investigation, the feces was thrown from petitioner's cell, provide substantial evidence of petitioner's guilt (*see Matter of Headley v Goord,* 274 AD2d 714, 715 [2000]; *Matter of Burt v McGinnis,* 249 AD2d 650, 650 [1998]). To the extent that evidence to the contrary was presented, issues concerning credibility are to be resolved at the discretion of the hearing officer (*see Matter of Santana v Selsky,* 307 AD2d 557, 558 [2003]).

We also reject petitioner's claim that he was denied adequate employee assistance and access to documentary evidence. A review of the record reveals that petitioner was provided with meaningful assistance and all of the requested documents that existed (*see Matter of Daum v Goord,* 274 AD2d 715, 716 [2000]). Nor are we persuaded that petitioner was improperly removed from the hearing, given petitioner's uncooperative and disruptive behavior of continuously interrupting the hearing officer (*see Matter of Encarnacion v Goord,* 17 AD3d 749, 750 [2005], *lv denied* 5 NY3d 705 [2005]).

Finally, we find unavailing petitioner's allegation that the hearing was not completed in a timely manner pursuant to 7 NYCRR 251-5.1 (b). The hearing originally commenced within the prescribed period of time and a valid extension was obtained in order to secure the testimony of all the necessary witnesses (*see Matter of Barclay v Goord,* 23 AD3d 862 [2005]). In any event, the time requirement set forth in 7 NYCRR 251-5.1 (b) is merely directory, and not mandatory, and there has been no showing by petitioner that he suffered any prejudice as a result of the delay (*see Matter of Porter v Goord,* 6 AD3d 1013, 1014 [2004], *lv denied* 3 NY3d 602 [2004]).

We have reviewed petitioner's remaining contentions and find them to be without merit.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.