■ In the Matter of RICKY CALDWELL, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [827 NYS2d 709]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, was charged in a misbehavior report with conspiring to introduce narcotics into the prison, smuggling, making a third-party telephone call and using another inmate's personal identification number to make a telephone call. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. The determination was confirmed on administrative appeal, prompting this CPLR article 78 proceeding.

Because the Hearing Officer improperly denied several of petitioner's requests for documents and witnesses, we annul the determination. Respondent concedes that the Hearing Officer erred in denying petitioner's request to call as a witness an inmate whose personal identification number was used to make a call attributed to petitioner, yet respondent asks us to annul only the part of the determination regarding using that number to make a phone call. Petitioner actually requested the testimony of two inmates whose numbers he was accused of using to make phone calls. Their testimony could have supported his claim that he did not make the phone calls in question. As those taped phone calls implicated the caller in a scheme to smuggle narcotics into the facility, testimony which could establish that petitioner was not the caller would have been exculpatory as to all charges. The same is true of facility phone records showing the exact location of the phone from which each call was made, as petitioner may have been able to prove that he did not have access to those particular areas of the prison at the times the calls were placed. These records could have been made available, as evidenced by the investigator's testimony and other phone records in the confidential information packet containing these details.

The Hearing Officer also summarily denied petitioner's request to call as a witness the woman who was caught smuggling drugs into the facility and who gave a written statement to investigators implicating petitioner in this conspiracy. Petitioner could have used her testimony to attack her credibility and question her about her written statement which was part of the hearing evidence. In addition to violating regulations by failing to give a written statement of the reasons for denial

of this witness (*see* 7 NYCRR 253.5 [a]), the Hearing Officer's outright denial of petitioner's request for this material witness without a stated good-faith basis constitutes a constitutional violation (*see Matter of Reyes v Goord*, 20 AD3d 830, 831 [2005]; *Matter of Escoto v Goord*, 9 AD3d 518, 519-520 [2004]). Based on this constitutional violation, expungement is the proper remedy (*see Matter of Alvarez v Goord*, 30 AD3d 118, 121 [2006]).

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.