■ In the Matter of GEORGE LUNNEY, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [829 NYS2d 349]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered September 1, 2006) to review a determination of respondent. The determination found after a Tier III hearing that petitioner violated various inmate rules.

It is hereby ordered that the determination be and the same hereby is unanimously modified on the law and the amended petition is granted in part by annulling those parts of the determination finding that petitioner violated inmate rules 100.11 (7 NYCRR 270.2 [B] [1] [ii]), 104.11 (7 NYCRR 270.2 [B] [5] [ii]), 106.10 (7 NYCRR 270.2 [B] [7] [i]), 116.10 (7 NYCRR 270.2 [B] [17] [i]), and 118.22 (7 NYCRR 270.2 [B] [19] [iv]) charged in the second misbehavior report and by vacating the penalty and as modified the determination is confirmed without costs, respondent is directed to expunge from petitioner's institutional record all references to the violations of those rules, and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination finding that he violated various inmate rules, as charged in two misbehavior reports. The first misbehavior report alleged that a steel shank was recovered from petitioner during a random pat frisk and that he fought with correction officers and refused several orders to cease resisting their efforts to restrain him. The second misbehavior report alleged that, when petitioner was taken to the hospital and was awaiting medical attention, he spat at a correction officer and kicked another correction officer. With respect to the first misbehavior

report, we conclude that the detailed report and the testimony of its author at the hearing constitute substantial evidence supporting the determination finding that petitioner violated the inmate rules charged therein (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]).

With respect to the second misbehavior report, respondent concedes that those parts of the determination finding that petitioner violated the inmate rules charged therein must be annulled because petitioner was improperly denied the opportunity to question the author of that report at the hearing. Respondent, however, has withdrawn his prior request for a rehearing on those charges. We therefore modify the determination by granting the amended petition in part and annulling those parts of the determination finding that petitioner violated the inmate rules charged in the second misbehavior report, and we direct respondent to expunge from petitioner's institutional record all references thereto (*see Matter of Pena v Goord*, 6 AD3d 1106 [2004]). Because a single penalty was imposed with respect to the violations charged in both misbehavior reports and the record fails to specify any relation between the violations and the penalty, we further modify the determination by vacating the penalty, and we remit the matter to respondent for imposition of an appropriate penalty on the remaining violations (*see id.* at 1106-1107). We have reviewed petitioner's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Martoche, Centra, Fahey and Pine, JJ.