In the Matter of FREDERICK DIAZ, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [894 NYS2d 218]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

In April 2008, petitioner, a prison inmate, was served with a misbehavior report charging him with assaulting staff, engaging in violent conduct, interfering with an employee and disturbing the order of the facility after he allegedly attacked a correction officer without provocation. A tier III disciplinary hearing was held, after which petitioner was found guilty of all charges. However, that determination was reversed on administrative appeal and a new hearing ordered. Following the rehearing, petitioner was again found guilty of all charges and his subsequent administrative appeal was unavailing. He thereafter commenced this CPLR article 78 proceeding and we now annul.

Inmates charged with violating prison disciplinary rules have a constitutional right to call witnesses, provided that those witnesses may offer testimony that is material and not redundant, and doing so does not pose a threat to institutional safety or correctional goals (*see Matter of Caldwell v Goord*, 34 AD3d 1173, 1174-1175 [2006]; *Matter of Alvarez v Goord*, 30 AD3d 118, 119-120 [2006]). Here, petitioner attempted to call, among others, an investigator from the Inspector General's office and a psychologist who examined petitioner shortly after the incident. Petitioner's defense at both hearings was that, contrary to the accusation that he assaulted the correction officer without provocation, he was actually attacked by the officer in retaliation for his work with the grievance office. Petitioner explained to the Hearing Officer that the investigator commenced an investiga-

tion of the incident shortly after its occurrence and, in addition to questioning those witnesses who testified at the first hearing, was planning to interview inmate witnesses who had refused to testify due to fear of retaliation. However, the Hearing Officer denied the investigator as a witness on the ground that he was "not in the area of the alleged incident."* The Hearing Officer also denied testimony from the psychologist, despite the fact that the first determination finding petitioner guilty had been administratively reversed based on the fact that the record failed to indicate how petitioner's mental health status was considered. Inasmuch as these witnesses may have provided testimony that was material, their absence substantially prejudiced petitioner's ability to present his defense and the Hearing Officer denied their testimony for reasons other than institutional safety, we find such denial to be error (*see Matter of Caldwell v Goord,* 34 AD3d at 1174-1175; *Matter of Reyes v Goord,* 20 AD3d 830, 831 [2005]). Furthermore, as the deprivation constituted a violation of petitioner's constitutional right to call witnesses, rather than merely his statutory right, we find the appropriate remedy to be expungement (*see Matter of Caldwell v Goord,* 34 AD3d at 1175; *Matter of Alvarez v Goord,* 30 AD3d at 120).

In light of our holding, petitioner's remaining contentions, including that the determination was not supported by substantial evidence, have been rendered academic.

Cardona, P.J., Peters, Spain, Lahtinen and Stein, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.

---

* We note that investigators from the Inspector General's office routinely testify in prison disciplinary hearings (*see Matter of McLean v Fischer,* 63 AD3d 1468, 1469 [2009]; *Matter of Vizcaino v Selsky,* 26 AD3d 574, 574 [2006], *lv denied* 7 NY3d 708 [2006]; *Matter of Antinuche v Goord,* 16 AD3d 743, 744 [2005]), as do other witnesses who have gained information through investigation, rather than personal observation (*see Matter of Rivera v Selsky,* 43 AD3d 1210, 1210 [2007]; *Matter of Mendez v Goord,* 21 AD3d 1191, 1192 [2005]).