Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, was served with a misbehavior report charging him with violating visiting procedures and engaging in a sexual act. The charges arose from an incident in which a correction officer was watching the visiting area through a video monitor and allegedly witnessed petitioner’s visitor reach through an opening in the divider, unzip petitioner’s pants and remove and stroke his penis. Following a tier III *1133 disciplinary hearing, petitioner was found guilty of both charges. The determination was affirmed on administrative appeal, after which petitioner commenced this CPLR article 78 proceeding.
We annul. The finding of guilt here was based solely on the testimony of the correction officer who authored the misbehavior report, who alleged that he could see the visitor remove petitioner’s penis from his pants and stroke it. That correction officer also testified that he immediately contacted other correction officers who then removed petitioner from the visiting room. However, after viewing the videotape of the incident, the Hearing Officer determined that it was insufficient to substantiate the charges and, moreover, the tape contradicted the testimony that petitioner was removed from the room immediately following the incident. Petitioner thereafter sought the testimony of the correction officers who responded to the call in the visiting room to refute the authoring correction officer’s version of events. The Hearing Officer determined, without inquiry, that those officers were not present for the incident and denied petitioner’s request, stating simply “[w]e know what they saw.”
“Inmates charged with violating prison disciplinary rules have a constitutional right to call witnesses, provided that those witnesses may offer testimony that is material and not redundant, and doing so does not pose a threat to institutional safety or correctional goals” (Matter of Diaz v Fischer, 70 AD3d 1082, 1082 [2010] [citation omitted]; see Matter of Alvarez v Goord, 30 AD3d 118, 119 [2006]). As the determination of guilt rested entirely on the testimony of the authoring correction officer, the possibility existed that petitioner’s requested witnesses may have provided information that contradicted that officer’s version of events. The Hearing Officer did not find that the taking of their testimony would pose a threat to institutional safety or correctional goals. We therefore find that the denial of petitioner’s request constituted a violation of his constitutional right to call witnesses, requiring an annulment of the determination and expungement (see Matter of Diaz v Fischer, 70 AD3d at 1083; Matter of Caldwell v Goord, 34 AD3d 1173, 1174-1175 [2006]).
In light of our holding, petitioner’s remaining contentions, including that the determination was not supported by substantial evidence, have been rendered academic.
Mercure, J.P., Spain, Malone Jr., Stein and Garry, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner’s institutional record.