■ In the Matter of JOHNNY BUNTING, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [926 NYS2d 206]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Pursuant to an investigation, petitioner's mail was found to contain paperwork sent to Supreme Court, Bronx County, referencing a lien against the District Attorney and the County itself in the amount of roughly $11 billion. Consequently, petitioner was charged in a misbehavior report with unauthorized possession of Uniform Commercial Code materials and filing an unauthorized lien. Petitioner was thereafter charged, as relevant here, with smuggling and violating correspondence procedures when he attempted to send those same documents to his sister with a request that she forward the documents on

his behalf. Following separate tier III disciplinary hearings, petitioner was found guilty of the enumerated charges and those determinations were administratively affirmed. Petitioner then commenced this CPLR article 78 proceeding to challenge both determinations.

We confirm. The detailed misbehavior reports, copies of the correspondence, the testimony of investigators, including an attorney who identified the correspondence as redemption documents, and petitioner's admissions provide substantial evidence to support both determinations (*see Matter of Montes v Bezio*, 79 AD3d 1567, 1568 [2010], *lv granted* 16 NY3d 849 [2011]; *Matter of Flemming v Fischer*, 74 AD3d 1693, 1694 [2010]). Furthermore, confidential testimony established the necessary authorizations to open petitioner's outgoing mail (*see Matter of Montes v Bezio*, 79 AD3d at 1568).

Turning to petitioner's procedural contentions, we find that the Hearing Officer did not err in removing petitioner from the hearings inasmuch as he persisted in being disruptive and argumentative despite repeated warnings (*see Matter of McDaniels v Bezio*, 76 AD3d 1129, 1129 [2010]; *Matter of Odom v Fischer*, 65 AD3d 1425, 1426 [2009]). We reject petitioner's contention that he was improperly denied the right to call certain witnesses. The testimony of petitioner's sister was irrelevant as it related solely to the charge of solicitation, which was ultimately dismissed (*see Matter of Cornwall v Fischer*, 74 AD3d 1507, 1509 [2010]; *Matter of Polite v Goord*, 49 AD3d 944 [2008]). Similarly, the testimony of petitioner's requested employee witnesses would have been redundant, as the Hearing Officer informed petitioner that authorization to open his mail had already been established through confidential testimony (*see* 7 NYCRR 253.5 [a]; *Matter of Antinuche v Goord*, 16 AD3d 743, 744 [2005]). Finally, a review of the record demonstrates that the determinations of guilt resulted from the evidence presented, rather than alleged hearing officer bias (*see Matter of Piper v Bezio*, 81 AD3d 1049, 1050 [2011]).

We have examined petitioner's remaining contentions, including that the penalties imposed were unduly harsh, and find them either unpreserved or without merit.

Spain, J.P., Rose, Kavanagh, Stein and Egan Jr., JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.