In the Matter of WILLIAM EDWARDS, Petitioner, v BRIAN FISCHER, Commissioner, New York State Department of Correctional Services, Respondent. [930 NYS2d 358]—

It is hereby ordered that the determination so appealed from is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated inmate rule 113.25 (7 NYCRR 270.2 [B] [14] [xv]) and vacating the penalty and as modified the determination is confirmed without costs, respondent is directed to expunge from petitioner's institutional record all references to the violation of that inmate rule and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III hearing, that he violated inmate rules 113.25 (7 NYCRR 270.2 [B] [14] [xv] [drug possession]) and 114.10 (7 NYCRR 270.2 [B] [15] [i] [smuggling]). Although petitioner contends that the determination finding that he violated inmate rule 113.25 is not supported by substantial evidence, his plea of guilty to that violation precludes our review of that contention (*see Matter of Cross v Goord*, 2 AD3d 1425 [2003]).

Petitioner further contends that the Hearing Officer failed to complete the tier III hearing in a timely manner. Although the hearing was completed more than 14 days after "the writing of the misbehavior report" (7 NYCRR 251-5.1 [b]), we nevertheless reject petitioner's contention inasmuch as the Hearing Officer obtained valid extensions and the hearing was completed within the extended time period. "In any event, the time requirement set forth in 7 NYCRR 251-5.1 (b) is merely directory, . . . not mandatory, and there has been no showing by petitioner that he suffered any prejudice as a result of the delay" (*Matter of Crosby v Selsky*, 26 AD3d 571, 572 [2006]). There is no support in the record for the contention of petitioner that the Hearing Officer's determination was influenced by any alleged bias against petitioner (*see Matter of Rodriguez v Herbert*, 270 AD2d 889, 890 [2000]). " 'The mere fact that the Hearing Officer ruled against the petitioner is insufficient to establish bias' " (*Matter of Wade v Coombe*, 241 AD2d 977 [1997]).

We agree with petitioner, however, that he was denied his right to call a material witness at the hearing. An "inmate may call witnesses on his [or her] behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals" (7 NYCRR 253.5 [a]; *see Matter of Miller v Goord*, 2 AD3d 928, 929-930 [2003]). Here,

the Hearing Officer denied petitioner's request to call an employee of the Department of Corrections, and petitioner subsequently entered his plea of guilty to the alleged violations. Because the Hearing Officer failed to state a good faith basis for the denial of that request, such denial constitutes a constitutional violation, and the proper remedy is expungement (*see Matter of Caldwell v Goord*, 34 AD3d 1173, 1174-1175 [2006]; *Matter of Alvarez v Goord*, 30 AD3d 118, 119-120 [2006]; *Matter of Reyes v Goord*, 20 AD3d 830 [2005]). Contrary to respondent's contention, the testimony of the witness in question would not have been redundant, nor would it have been irrelevant or immaterial to the issue whether the substance found in petitioner's cell constituted a controlled substance (*cf. Matter of Bunting v Fischer*, 85 AD3d 1473 [2011]; *Matter of Thorpe v Fischer*, 67 AD3d 1101 [2009]). We therefore modify the determination and grant the petition in part by annulling that part of the determination finding that petitioner violated inmate rule 113.25, and we direct respondent to expunge from petitioner's institutional record all references to the violation of that inmate rule. The testimony at issue, however, would have been irrelevant to the issue whether petitioner smuggled the substance into his cell. Thus, that part of the determination finding that petitioner violated inmate rule 114.10 is confirmed (*see Matter of Sanchez v Irvin*, 186 AD2d 996 [1992], *lv denied* 81 NY2d 702 [1993]). By failing to raise the issue at the hearing, petitioner waived his right to challenge the Hearing Officer's failure to file a written notice of the reason the witness was not allowed to testify (*see Matter of Robinson v Herbert*, 269 AD2d 807 [2000]).

"Because a single penalty was imposed and the record fails to specify any relation between the violations and that penalty," we further modify the determination by vacating the penalty, and we remit the matter to respondent for imposition of an appropriate penalty on the remaining violation (*Matter of Pena v Goord*, 6 AD3d 1106, 1106 [2004]). Present—Scudder, P.J., Peradotto, Carni, Gorski and Martoche, JJ.