# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

945

TP 11-00552

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF WILLIAM EDWARDS, PETITIONER,

V                                          MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SERVICES, RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (EDWARD L. CHASSIN OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Wyoming County [Mark H.
Dadd, A.J.], entered March 11, 2011) to review a determination of
respondent.  The determination found after a Tier III hearing that
petitioner had violated various inmate rules.

It is hereby ORDERED that the determination so appealed from is
unanimously modified on the law and the petition is granted in part by
annulling that part of the determination finding that petitioner
violated inmate rule 113.25 (7 NYCRR 270.2 [B] [14] [xv]) and vacating
the penalty and as modified the determination is confirmed without
costs, respondent is directed to expunge from petitioner's
institutional record all references to the violation of that inmate
rule and the matter is remitted to respondent for further proceedings
in accordance with the following Memorandum:  Petitioner commenced
this CPLR article 78 proceeding seeking to annul the determination,
following a Tier III hearing, that he violated inmate rules 113.25 (7
NYCRR 270.2 [B] [14] [xv] [drug possession]) and 114.10 (7 NYCRR 270.2
[B] [15] [i] [smuggling]).  Although petitioner contends that the
determination finding that he violated inmate rule 113.25 is not
supported by substantial evidence, his plea of guilty to that
violation precludes our review of that contention (*see Matter of Cross
v Goord*, 2 AD3d 1425).

Petitioner further contends that the Hearing Officer failed to
complete the Tier III hearing in a timely manner.  Although the
hearing was completed more than 14 days after "the writing of the
misbehavior report" (7 NYCRR 251-5.1 [b]), we nevertheless reject
petitioner's contention inasmuch as the Hearing Officer obtained valid
extensions and the hearing was completed within the extended time

period.  "In any event, the time requirement set forth in 7 NYCRR
251-5.1 (b) is merely directory, . . . not mandatory, and there has
been no showing by petitioner that he suffered any prejudice as a
result of the delay" (*Matter of Crosby v Selsky*, 26 AD3d 571, 572).
There is no support in the record for the contention of petitioner
that the Hearing Officer's determination was influenced by any alleged
bias against petitioner (*see Matter of Rodriguez v Herbert*, 270 AD2d
889, 890).  " 'The mere fact that the Hearing Officer ruled against
the petitioner is insufficient to establish bias' " (*Matter of Wade v
Coombe*, 241 AD2d 977).

We agree with petitioner, however, that he was denied his right
to call a material witness at the hearing.  An "inmate may call
witnesses on his [or her] behalf provided their testimony is material,
is not redundant, and doing so does not jeopardize institutional
safety or correctional goals" (7 NYCRR 253.5 [a]; *see Matter of Miller
v Goord*, 2 AD3d 928, 929-930).  Here, the Hearing Officer denied
petitioner's request to call an employee of the Department of
Corrections, and petitioner subsequently entered his plea of guilty to
the alleged violations.  Because the Hearing Officer failed to state a
good faith basis for the denial of that request, such denial
constitutes a constitutional violation, and the proper remedy is
expungement (*see Matter of Caldwell v Goord*, 34 AD3d 1173, 1174-1175;
*Matter of Alvarez v Goord*, 30 AD3d 118, 119-120; *Matter of Reyes v
Goord*, 20 AD3d 830).  Contrary to respondent's contention, the
testimony of the witness in question would not have been redundant,
nor would it have been irrelevant or immaterial to the issue whether
the substance found in petitioner's cell constituted a controlled
substance (*cf. Matter of Bunting v Fischer*, 85 AD3d 1473; *Matter of
Thorpe v Fischer*, 67 AD3d 1101).  We therefore modify the
determination and grant the petition in part by annulling that part of
the determination finding that petitioner violated inmate rule 113.25,
and we direct respondent to expunge from petitioner's institutional
record all references to the violation of that inmate rule.  The
testimony at issue, however, would have been irrelevant to the issue
whether petitioner smuggled the substance into his cell.  Thus, that
part of the determination finding that petitioner violated inmate rule
114.10 is confirmed (*see Matter of Sanchez v Irvin*, 186 AD2d 996, *lv
denied* 81 NY2d 702).  By failing to raise the issue at the hearing,
petitioner waived his right to challenge the Hearing Officer's failure
to file a written notice of the reason the witness was not allowed to
testify (*see Matter of Robinson v Herbert*, 269 AD2d 807).

"Because a single penalty was imposed and the record fails to
specify any relation between the violations and that penalty," we
further modify the determination by vacating the penalty, and we remit
the matter to respondent for imposition of an appropriate penalty on
the remaining violation (*Matter of Pena v Goord*, 6 AD3d 1106, 1106).

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court