■ In the Matter of JOSE A. FUENTES, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [934 NYS2d 531]—

Pursuant to a mail watch, prison officials examined correspondence from petitioner to his wife and discovered a letter

requesting that she file Uniform Commercial Code documents that petitioner had previously forwarded. In addition, several pages were included referencing the fact that petitioner had copyrighted his name and threatening to create fees against correction employees for violating that purported copyright. A misbehavior report was thereafter lodged against petitioner charging him with the impermissible filing of documents, copyrighting his name and disobeying a direct order. Following a tier III disciplinary hearing, petitioner was found guilty of the charges and that determination was affirmed on administrative appeal. Thereafter, petitioner commenced this CPLR article 78 proceeding.

We confirm. The detailed misbehavior report, documentary evidence, including a memorandum from a deputy commissioner to petitioner ordering him to discontinue harassing staff with his "redemptionist" scheme, and hearing testimony, including petitioner's admissions, provide substantial evidence to support the determination of guilt (*see Matter of Bunting v Fischer*, 85 AD3d 1473, 1474 [2011], *lv denied* 17 NY3d 712 [2011]; *Matter of Samuels v Department of Correctional Servs. Staff*, 84 AD3d 1629, 1630 [2011]). We reject the contention that the charge of filing or recording a lien against staff was not supported by substantial evidence inasmuch as petitioner's correspondence referencing correction employees and his direction to his wife to engage an attorney to forward documents to petitioner in an effort to shield their content raised a reasonable inference that petitioner was in violation of that rule (*see Matter of Kae v Bezio*, 79 AD3d 1496, 1497 [2010]; *Matter of Fludd v New York State Dept. of Correctional Servs.*, 62 AD3d 1149, 1151 [2009], *lv denied* 13 NY3d 705 [2009]).

Turning to the procedural contentions, we find that the Hearing Officer did not err in removing petitioner from the hearing after he continued to be argumentative and obstructive despite numerous warnings (*see Matter of Bunting v Fischer*, 85 AD3d at 1474; *Matter of McDaniels v Bezio*, 76 AD3d 1129, 1129 [2010]). To the extent that petitioner contends that he did not receive notice of the rules prohibiting the charged conduct, a facility representative testified that the rules were distributed to all inmates in the facility, broadcast over facility radio and television and posted on inmate bulletin boards (*see Matter of Moore v Fischer*, 76 AD3d 737, 737-738 [2010]; *Matter of Cornwall v Fischer*, 73 AD3d 1367, 1368 [2010]). Finally, we reject petitioner's contention that he was denied access to the correspondence that formed the basis for the charges, inasmuch as the Hearing Officer gave him time to examine the documents during the hearing and read them into the record.

We have examined petitioner's remaining contentions and, to the extent they have been preserved for our review, find them to be without merit.

Mercure, J.P., Peters, Spain, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.