■ In the Matter of DANIEL TOAL, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [940 NYS2d 691]—

Appeal from a judgment of the Supreme Court (Connolly, J.), entered May 26, 2011 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

According to the misbehavior report, as petitioner exited the cell block on his way to the recreation area, he was directed to submit to a pat frisk, which revealed the presence of a "suspicious object" in the area of petitioner's groin. In the course of the ensuing strip frisk, petitioner reportedly admitted having

contraband tied to his genitals, at which point he surrendered two plastic bags containing a green substance later determined to be marihuana. The misbehavior report charged him with violating the rules prohibiting drug possession and smuggling. Following a tier III disciplinary hearing, petitioner was found guilty of both charges, which were upheld on administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the proceeding, prompting this appeal.

The sole contention raised by petitioner is that his right to call witnesses was violated at the tier III hearing. According to petitioner, the Hearing Officer impermissibly denied his request to call an inmate witness who could have described an alleged altercation that petitioner had with a different correction officer than the one who authored the subject misbehavior report. Inasmuch as, among other things, petitioner confirmed at the hearing that his requested inmate witness was not present at the time he was "grabbed" by a correction officer, we find no error in the Hearing Officer's denial of this proposed witness on the basis of relevance (see Matter of White v Fischer, 87 AD3d 1249, 1250 [2011]; Matter of Bunting v Fischer, 85 AD3d 1473, 1474 [2011], lv denied 17 NY3d 712 [2011]).

Mercure, A.P.J., Rose, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.