# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

627
TP 12-00223
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF JOSHUA LINER, PETITIONER,

V                                                    MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SERVICES, RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH RENE NOWOTARSKI
OF COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PETER H. SCHIFF OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered January 27, 2012) to review a determination of respondent. The determination found after a Tier III hearing that petitioner had violated various inmate rules.

It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by annulling those parts of the determination finding that petitioner violated inmate rule 180.17 (7 NYCRR 270.2 [B] [26] [vii]) and vacating the recommended loss of good time and as modified the determination is confirmed without costs, respondent is directed to expunge from petitioner's institutional record all references to the violations of that inmate rule, and the matter is remitted to respondent for further proceedings in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a Tier III disciplinary hearing, that he violated inmate rules 113.20 (7 NYCRR 270.2 [B] [14] [x] [possessing excess or altered clothing]), 113.22 (7 NYCRR 270.2 [B] [14] [xii] [possessing property in unauthorized area]), 113.27 (7 NYCRR 270.2 [B] [14] [xvii] [soliciting, possessing or exchanging other inmate crime information]) and 180.17 (7 NYCRR 270.2 [B] [26] [vii] [providing unauthorized legal assistance]). We conclude that there is substantial evidence to support the determination with respect to inmate rule 113.20 inasmuch as petitioner pleaded guilty to the violation of that rule (*see Matter of Holdip v Travis*, 9 AD3d 825, 826). We further conclude that there is substantial evidence to support the determination with respect to inmate rules 113.22 and 113.27 (*see Matter of Foster v Coughlin*, 76 NY2d 964, 966; *People ex rel. Vega v Smith*, 66 NY2d 130, 140). "Contrary to petitioner's

contention, the record does not establish 'that the Hearing Officer was biased or that the determination flowed from the alleged bias' " (*Matter of Colon v Fischer*, 83 AD3d 1500, 1502; *see Matter of Rodriguez v Herbert*, 270 AD2d 889, 890). "The mere fact that the Hearing Officer ruled against the petitioner is insufficient to establish bias" (*Matter of Edwards v Fischer*, 87 AD3d 1328, 1329 [internal quotation marks omitted]).

As respondent correctly concedes, however, the determination with respect to inmate rule 180.17 is not supported by substantial evidence (*see generally Vega*, 66 NY2d at 139). We therefore modify the determination and grant the petition in part by annulling those parts of the determination finding that petitioner violated inmate rule 180.17, and we direct respondent to expunge from petitioner's institutional record all references to the violations of that rule. "Although there is no need to remit the matter to respondent for reconsideration of those parts of the penalty already served by petitioner, we note that there was also a recommended loss of good time, and the record does not reflect the relationship between the violations and that recommendation" (*Matter of Monroe v Fischer*, 87 AD3d 1300, 1301). We therefore further modify the determination by vacating the recommended loss of good time, and we remit the matter to respondent for reconsideration of that recommendation.

Entered: June 8, 2012

Frances E. Cafarell
Clerk of the Court