Proceeding pursuant to CPLR article 78 (transferred to this *1172 Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with unauthorized use of a controlled substance after his urine specimen twice tested positive for the presence of cannabinoids. Following a tier III disciplinary hearing, petitioner was found guilty. The determination was affirmed on administrative appeal, prompting petitioner to commence this CPLR article 78.
“Inmates charged with violating prison disciplinary rules have a constitutional right to call witnesses, provided that those witnesses may offer testimony that is material and not redundant, and doing so does not pose a threat to institutional safety or correctional goals” (Matter of Diaz v Fischer, 70 AD3d 1082, 1082 [2010] [citations omitted]). Here, our review of the record establishes, and the Attorney General concedes, that the determination must be annulled because petitioner was improperly denied the right to call a witness. Petitioner requested Kevin Williams, a fellow inmate who also provided a urine sample, to testify regarding the procedure followed in collecting the urine. The record establishes that Williams refused to testify, claiming that he had no knowledge of the incident. Following an adjournment of the hearing, petitioner introduced a statement by Williams, which the Hearing Officer read into the record, wherein Williams affirmed that he had knowledge of the incident but was threatened by prison officials and feared retaliation if he testified. Notwithstanding such statement, the Hearing Officer denied petitioner’s repeated requests that Williams be interviewed. Given Williams’ claim of coercion, we find that the Hearing Officer had a duty to inquire further into Williams’ refusal to testify (see Matter of Brodie v Selsky, 203 AD2d 671, 672 [1994]).
Although the Attorney General requests that the matter be remitted for a new hearing, we find that expungement is the proper remedy inasmuch as petitioner was deprived of his constitutional right to call a witness (see Matter of Diaz v Fischer, 70 AD3d at 1083; Matter of Caldwell v Goord, 34 AD3d 1173, 1174 [2006]). In view of the foregoing, it is unnecessary to consider petitioner’s remaining challenges.
Rose, J.P, Lahtinen, Kavanagh, Stein and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and respondent is directed to expunge all references to this matter from petitioner’s institutional records.