In the Matter of ROBERT HAIGLER, Petitioner, v BRIAN FISCHER, Respondent. [978 NYS2d 892]—

Although the disciplinary hearing under review was not "completed within 14 days following the writing of the misbehavior report" (7 NYCRR 251-5.1 [b]), the record supports the conclusion that any delay in this regard had appropriately been "authorized by the commissioner or his designee" (7 NYCRR 251-5.1 [b]). In any event, the provisions of this rule are directory rather than mandatory (*see e.g. Matter of Edwards v Fischer*, 87 AD3d 1328, 1329 [2011]; *Matter of Rodriguez v Fischer*, 76 AD3d 1131, 1132 [2010]; *Matter of Rosario v Selsky*, 37 AD3d 921, 921-922 [2007]). Therefore, in the absence of any showing of prejudice as a result of the delay, the petitioner is not entitled to vacatur of the determination on this procedural ground (*see e.g. Matter of Edwards v Fischer*, 87 AD3d at 1329; *Matter of Sanders v Goord*, 47 AD3d 987, 988 [2008]; *Matter of Crosby v Selsky*, 26 AD3d 571, 572 [2006]; *but see Matter of Hicks v Scully*, 159 AD2d 624 [1990]).

The petitioner's remaining contentions are either without merit or not properly before this Court (*see generally Matter of Reed v Artus*, 39 AD3d 1056 [2007]). Mastro, J.P., Lott, Austin and Roman, JJ., concur.