# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

930

TP 16-00313

PRESENT: WHALEN, P.J., CENTRA, CARNI, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF MICHAEL FREDERICK, PETITIONER,

V                                                    MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION LT. DANIEL WALAWENDER,
RESPONDENT.

---

MICHAEL FREDERICK, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Cayuga County [Thomas G. Leone, A.J.], entered February 24, 2016) to review a determination of respondent. The determination found after a tier II hearing that petitioner had violated various inmate rules.

It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by annulling those parts of the determination finding that petitioner violated inmate rules 102.10 (7 NYCRR 270.2 [B] [3] [i]) and 107.10 (7 NYCRR 270.2 [B] [8] [i]) and vacating the penalty and as modified the determination is confirmed without costs, respondent is directed to expunge from petitioner's institutional record all references to the violation of those inmate rules, and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g), seeking to annul the determination, following a tier II hearing, that he violated inmate rules 102.10 (7 NYCRR 270.2 [B] [3] [i] [threats]), 107.10 (7 NYCRR 270.2 [B] [8] [i] [interference with an employee]), and 107.11 (7 NYCRR 270.2 [B] [8] [ii] [harassment]). Petitioner pleaded guilty to violating inmate rule 107.11, and therefore his contention that the determination with respect to that rule is not supported by substantial evidence is without merit (*see Matter of Liner v Fischer*, 96 AD3d 1416, 1417). Respondent correctly concedes that the determination with respect to inmate rules 102.10 and 107.10 is not supported by substantial evidence. We therefore modify the determination and grant the petition in part by annulling those parts of the determination finding that petitioner violated those rules, and we direct respondent to expunge from petitioner's institutional record

all references to the violation of those rules.  "Because a single penalty was imposed and the record fails to specify any relation between the violations and that penalty," we further modify the determination by vacating the penalty, and we remit the matter to respondent for imposition of an appropriate penalty on the remaining violation (*Matter of Pena v Goord*, 6 AD3d 1106, 1106).  We have considered petitioner's remaining contentions and conclude that they are without merit.